## D. C. MIXON v. JOSEPHINE FARRIS ET AL.

Decided January 4, 1899.

1. **Case Followed.**

Rulings in Mixon v. Miles (46 Southwestern Reporter, 105, writ of error refused, 92 Texas, 318) adhered to.

2. **Joinder of Actions—Consolidation of Suits.**

The title of heirs to separate tracts of land, of which defendant held the legal title by separate conveyances claimed by plaintiffs to be in trust, could be litigated in one suit, though in one case an express and in the other a resulting trust was asserted; and it was not error to consolidate separate suits brought for the two tracts.

3. **Trust—Degree of Proof—Charge.**

In a suit to recover land on the ground that defendant's legal title was held by him in trust for plaintiffs, it was proper to refuse a charge requiring clear and certain proof of the alleged trust.

APPEAL from McLennan. Tried below before Hon. MARSHALL SURRATT.

*Dyer & Dyer,* for appellant.

*F. H. Robertson* and *John W. Davis,* for appellees.

KEY, ASSOCIATE JUSTICE.—As explanatory of this case and some of the questions raised by this appeal, we here copy the essential portions of the trial court's charge to the jury:

"Gentlemen of the jury, the court charges you as follows:

"First. The plaintiffs herein sue to recover the several tracts of land described in both the petitions in causes Nos. 7586 and 7587 consolidated, and said plaintiffs have dismissed as to all of the said tracts except the fifth tract described in petition in No. 7586, containing 327 acres out of the William Russell survey in McLennan County, and the first tract described in the petition in No. 7587, containing 511 acres out of the Simeon Mixon survey in Walker County, Texas.

"Second. The deed introduced in evidence, from W. R. Leonard and wife to D. C. Mixon, to the said 327 acres tract, and the one from T. C.

Mixon to D. C. Mixon, to the said 511 acres tract, vested in defendant Mixon the legal title to each of said tracts.

"Third. Plaintiffs allege that, whilst said deed from Leonard and wife to the 327 acres tract was made to defendant D. C. Mixon, that he paid nothing therefor, but that their father, T. C. Mixon, purchased and paid for said land and held the deed thereto made to D. C. Mixon for the benefit of plaintiffs, and that D. C. Mixon held said legal title to said tract of land in trust for said T. C. Mixon's children, plaintiffs herein; and that, at the time T. C. Mixon conveyed said 511 acres tract to defendant, he, the said D. C. Mixon, acknowledged a trust in said land in favor of the children of T. C. Mixon, and accepted the deed thereto and held said tract of land in trust for said children, and that it was so intended and understood by both T. C. and D. C. Mixon at the time said deed was executed; and that D. C. Mixon paid to T. C. Mixon no consideration therefor, but agreed to hold the same for plaintiffs, who are the children of said T. C. Mixon.

"Fourth. The defendant denies these allegations as to both tracts of land, and the burden of proof rests upon plaintiffs to establish the same by a preponderance of the evidence.

"Fifth. Now, if you believe from the evidence that T. C. Mixon furnished the money and paid the consideration for said 327 acres tract of land recited in the said deed thereto made to D. C. Mixon by Leonard and wife, and that D. C. Mixon did not furnish the purchase money which was paid therefor, but the same was furnished by the said T. C. Mixon, then and in that event D. C. Mixon held said land and the legal title thereto in trust for T. C. Mixon, and if you so find you will find for plaintiffs as to said 327 acres tract of land.

"Sixth. If you believe from the evidence that at the time T. C. Mixon delivered the deed to D. C. Mixon to the 511 acres tract of land, that no consideration was paid therefor, but that it was agreed and understood between the parties thereto that it was so conveyed to D. C. Mixon and so accepted by him to be held by him for the benefit of T. C. Mixon's children, then he held the same in trust for plaintiffs, and if you so find you will find for plaintiffs said 511 acres tract of land.

"Seventh. On the other hand, if you believe from the evidence that T. C. Mixon did not furnish the purchase money for said 327 acres tract of land, then you will find for the defendant as to said tract; and if you believe from the evidence that the said 511 acres tract of land was not so held in trust for plaintiffs, but that D. C. Mixon bought it from T. C. Mixon and paid him the consideration mentioned in the deed from T. C. to D. C. Mixon, then you will find for the defendant as to said 511 acres tract.

"You are the exclusive judges of the weight of the evidence and the credibility of the witnesses, and as you find, so say by your verdict."

A verdict and judgment were rendered for the plaintiffs for both tracts of land referred to, and the defendant Mixon has appealed.

The undisputed testimony shows that the plaintiffs are the children

and heirs of T. C. Mixon, who died before this suit was brought; and there is evidence in the record that will support findings for the plaintiffs on the issues submitted to the jury in the fifth and sixth paragraphs of the charge, and we therefore find for the plaintiffs on said issues.

Some of the questions presented in this case were decided by this court in the case of Mixon v. Miles, 46 Southwestern Reporter, 105, and we see no reason for changing the rulings there made.

No error was committed in consolidating the two suits. The parties were the same, and each suit had for its object the recovery of land. It is true that the plaintiffs' title to the two tracts of land—one sued for in the first and the other in the second suit—was different, one involving an express and the other a resulting trust; but that fact affords no reason why the title to both tracts should not be litigated in one suit, when, as was done in this instance, the charge of the court distinctly indicates to the jury the difference between such trusts. Under the charge given, we find no room for the supposition that the jury were confused by the fact that the titles to both tracts were litigated and determined in one trial; and we overrule the first assignment of error, which asserts that the two cases should not have been consolidated.

Several objections are urged to the rulings admitting testimony, but we do not think error was committed in this respect. Some of the objections go rather to the effect to be given to certain testimony than to its admissibility. All the objections, however, have been considered, and none are regarded as tenable.

The court ruled correctly in refusing to charge the jury to find for the defendant, unless they were satisfied with clearness and certainty of the existence of the trusts alleged by the plaintiffs. Neyland v. Bendy, 69 Texas, 711; Baylor v. Hopf, 81 Texas, 637; Stubblefield v. Stubblefield, recently decided by this court. The judgment is affirmed.

*Affirmed.*

Writ of error refused.