POSEY v. HANSON. (No. 5791.)

(Court of Civil Appeals of Texas. Austin. June 20, 1917.)

1. PLEADING ⟨⟩204(3)—PETITION—GENERAL DEMURRER—PLEADING GOOD IN PART.

If a petition to rescind a sale of real estate and cancel deeds and recover compensation for personal services was defective in other respects, but stated a cause of action for the personal services, a general demurrer should have been overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486, 487.]

2. EVIDENCE ☞135(1)—ADMISSIBILITY—SIMILAR ACTS—MOTIVE.

In an action to rescind a sale of real estate and cancel deeds, on ground of fraud, evidence that the defendant charged with wrongful intent was guilty of similar acts and conduct at or about the same time was admissible, since, when it becomes necessary to decide whether or not a particular act was done with intent to defraud, proof of other similar acts is admissible to explain the motive.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 392, 394, 405.]

3. DEEDS ☞211(3)—EVIDENCE—DAMAGES.

Proof that as the result of the fraud the purchaser obtained possession of the property and deprived the vendor of its revenue for an entire season was a sufficient showing of actual damage.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 644, 645.]

4. DEEDS ☞211(3)—EVIDENCE—DAMAGES.

Proof that the purchase-money notes given by the purchaser are worth only a small percentage of their face value was a sufficient showing that plaintiff was actually damaged.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 644, 645.]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Suit by Gust Hanson against W. R. Posey and others. Judgment for plaintiff, and named defendant appeals. Affirmed.

Martin Faust, of New Braunfels, and W. Trenckmann, of Austin, for appellant. Geo. W. Mendell, Jr., of Austin, for appellee.

KEY, C. J. This is a suit to rescind a sale of certain real estate, to cancel certain deeds, and to recover compensation for personal services. There was a nonjury trial, which resulted in judgment for the plaintiff, and W. R. Posey, one of the defendants, has appealed. Carr, the other defendant, has not appealed. The trial judge filed findings of fact which are sustained by the testimony, and which read as follows:

"(1) On the 20th day of September, 1915, plaintiff was the owner and in possession of the tract of land together with the gin situated thereon described in plaintiff's petition.

"(2) On said date the plaintiff executed and delivered to the defendant T. W. Carr a warranty deed to said tract of land, together with the gin situated thereon, in consideration of which the defendant T. W. Carr executed and delivered to the plaintiff a deed to certain land situated in the state of Oklahoma, and delivered to the plaintiff certain promissory notes of the face value of $1,300, and executed and delivered to the plaintiff a promissory note for the sum of $480, due on the —— day of ——, A. D. ——, secured by the vendor's lien upon said gin tract of land, and promised plaintiff and agreed with plaintiff that he would pay certain indebtedness due by plaintiff to Walter Tips, of Austin, and the Continental Gin Company, of Dallas, which debts were secured by the chattel mortgages upon the gin machinery situated upon said premises. The said debt due to said Walter Tips, principal and interest, is now approximately $800, and the debt due to said Continental Gin Company, principal and interest, is approximately $800. Upon the request of the defend-

ant Carr plaintiff did not place of record the deeds delivered to him to the Oklahoma property. And the deed executed by plaintiff to the defendant Carr for the gin property has never been placed of record.

"(3) That immediately upon the execution of said deed the defendant Carr took possession of said gin and gin property and operated the same by agents through the ginning season of 1915, collecting all fees and tolls for the operation of said gin, and collecting certain fees and tolls due to the plaintiff arising out of the previous operation of said gin. Throughout said ginning season the plaintiff worked for the defendant Carr in the operation of said gin, for which labor said defendant agreed to pay him, but the defendant has failed and refused to pay plaintiff for his services, and has failed and refused to pay the indebtedness due Walter Tips and the Continental Gin Company, or any part thereof, and has failed to make any arrangement with reference to the payment of the same.

"(4) The notes of the face value of $1,300 delivered by defendant Carr to plaintiff as a part of the consideration for said ginning property are worth only a small per cent. of their face value. The evidence does not disclose the value of the Oklahoma land conveyed to plaintiff nor the condition of the title to said land.

"(5) The defendant Carr at the time of the execution of said deed by plaintiff to him did not intend to pay any of the indebtedness assumed by him or agreed by him to be paid in consideration of the sale of said property to him, but said defendant's promise to pay said indebtedness as assumed and agreed to be paid by him was fraudulently made with the intention of inducing plaintiff to execute said deed; plaintiff relying upon said representation was induced thereby to execute said deed.

"(6) During the September term, 1915, of the district court of Comal county, Tex., the defendant Posey procured a judgment against the defendant Carr for the sum of $2,667.97, and costs. On the 23d day of September, 1915, an abstract of said judgment was filed in the county clerk's office of Travis county, Tex. Thereafter an execution was issued upon said judgment and levied upon the gin property in controversy herein. On the 1st day of February, 1916, said gin property was sold by the sheriff of Travis county, Tex., under said execution, the defendant Posey purchasing said property at such sale for a consideration of $100. This suit has been filed by the plaintiff against the defendants prior to said sale and a lis pendens notice of such suit had been placed of record in the proper records of Travis county, Tex.; and the plaintiff gave notice at the time of such sale of his claims as set out in this case.

"(7) I conclude that plaintiff's service rendered to the defendant Carr in the operation of said gin were reasonably worth the sum of $180."

## Opinion.

[1] The first assignment of error challenges the correctness of that portion of the judgment which overruled a general demurrer to the plaintiff's petition. If the petition was defective in other respects, it stated a cause of action against the defendant Carr for $1,200 for personal services, and for that reason the general demurrer should have been overruled. However, we do not agree with appellant's contention as to the other phase of the case, and hold that as against a general demurrer the petition stated a cause of action for rescission and cancellation.

The second assignment of error complains

because the court permitted the witness T. B. Newcomb to give testimony tending to show that about the same time the defendant Carr had overreached and defrauded him in a deal similar to the one involved in this case. Under that assignment counsel for appellant submit only one proposition, which reads as follows:

"In an action for the recovery of property, where plaintiff's claim is based on alleged fraud of the defendant in obtaining possession thereof, testimony to show that such defendant had been guilty of fraud and misrepresentations in transactions with another person is inadmissible."

[2] That proposition is too broad, and does not state the law correctly. When a fraudulent or other unlawful intent is charged as to a particular transaction, the weight of authority seems to support the doctrine that it is permissible to prove that the litigant charged with such wrongful intent was guilty of similar acts and conduct at or about the same time. In considering that subject in Day v. Stone, 59 Tex. 612, our Supreme Court said:

"It seems to be the settled doctrine, sustained by numerous adjudicated cases, that where the issue involves the fraudulent sale or conveyance of property, that evidence of other like conveyances by the same parties at or about the same time are admissible. The ground for the admission of such evidence is that, where transactions of a similar character, executed by the same parties, are closely connected in time, the reasonable inference is that they proceed from the same motive. Heath v. Page, 63 Pa. 108 [3 Am. Rep. 533]; Hovey v. Grant, 52 N. H. 569; Battles & Webster v. Laudenslager, 84 Pa. 452; Hall v. Naylor, 18 N. Y. 588 [75 Am. Dec. 269]; Simons v. Vulcan Oil, etc., Co., 61 Pa. 218 [100 Am. Dec. 628]."

The principle announced in that case was reaffirmed in Hunter v. Lanius, 82 Tex. 684, 18 S. W. 201, and Cook v. Greenberg, 34 S. W. 688.

Intent is a condition of the mind, and as a general rule those who charge that a particular act was done with an evil intent must rely upon circumstances to show the existence of that mental condition; and this is true whether the question arises in a criminal or civil case. And the better rule is that, when it becomes necessary to decide whether or not a particular act was done with intent to defraud or with other evil intent proof of similar acts at or about the same time is admissible as circumstances tending to explain the motive with which the act under investigation was done. Prof. Wigmore in his valuable treatise on evidence has elucidated that subject in a very satisfactory manner. 1 Wigmore on Evidence, § 302.

The third assignment of error challenges the finding of the court to the effect that at the time the defendant Carr agreed to pay the debts owing by the plaintiff and secured by mortgages upon the gin property he did not intend to do so, and that he made that promise with the fraudulent intention of inducing the plaintiff to deed the property to him. We overrule that assignment, and hold that the finding referred to is supported by testimony.

Under the fourth and last assignment of error appellant submits but one proposition, which is:

"In an action for fraud actual damages must be shown."

[3, 4] The proof shows that as a result of Carr's fraud he obtained possession of the gin property, and of the revenue derived therefrom for one entire season, which possession and revenue would have been enjoyed by the plaintiff had not Carr committed that fraud, and this shows that the plaintiff was damaged. Besides, appellant does not challenge the finding of the court to the effect that the notes of the face value of $1,300 delivered by Carr to plaintiff as part of the consideration for the gin property are worth only a small per cent. of their face value, which finding of itself shows that the plaintiff has been damaged.

No reversible error has been shown, and the judgment is affirmed.