**MOORMAN et al. v. SMALL.   (No. 1095.)**

(Court of Civil Appeals of Texas. El Paso. March 18, 1920.)

**1. Trial ⟨⟩243—Charge as to fraud in procuring lease of oil lands not held contradictory.**

In an action by plaintiff who asserted that he had been fraudulently induced to execute a lease to oil lands, and that defendants did not, as they had agreed, pay him the entire bonus, *held* that the charge submitting the issue was not objectionable as contradictory.

**2. Trial ⟨⟩194(14)—Charge on fraud in procuring lease of oil lands held not on weight of evidence.**

In an action by plaintiff who claimed that he had been fraudulently induced to lease oil lands, and that defendants had not paid him the entire bonus as agreed, a general charge submitting the issues *held* not objectionable as on the weight of the evidence.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Trial ⬨260(6)—Requested special charge in action for fraud inducing lease held covered by main charge.**

Where plaintiff asserted that defendants fraudulently induced him to execute a lease to oil lands, and did not pay him the entire bonus as agreed, a charge that if defendants represented that they would pay him the entire bonus, and received $10 per acre, but paid only $7.50, defendants were liable, but if they agreed to pay only $7.50, they were not liable, *held* to submit the true issue of the case so a special charge submitting the issue of agreement as to payment was properly refused.

**4. Fraud ⬨55—Refusal of larger offer held admissible.**

In an action for fraud in inducing plaintiff to make a lease of oil land, where he alleged that defendants agreed to pay him the entire bonus or rental received, and failed to do so, plaintiff's testimony that he had refused a larger offer for a lease on the land which he leased to defendants was admissible.

**5. Fraud ⬨54 — Evidence of other similar transactions admissible to show intent.**

In an action for damages for fraud in inducing plaintiff to lease lands, testimony as to defendants' statements to witnesses who leased lands at the same time was admissible to show intent.

**6. Appeal and error ⬨231(3)—Objection that evidence was irrelevant and immaterial not specific.**

Where the only objection was that evidence was irrelevant and immaterial, judgment will not be reversed because of its admission.

**7. Appeal and error ⬨1050(1) — Testimony that one of the defendants was rich and bank director not prejudicial.**

In an action for fraud in procuring an oil lease, the erroneous admission of evidence that one of the defendants was a director in a bank and had extensive oil interest cannot be deemed prejudicial.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by J. W. Small against Cull C. Moorman and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Callaway & Callaway, of Comanche, and Levy & Evans, of Ranger, for appellants. Goodson & Nabors, of Comanche, and J. R. McClellan, of Gatesville, for appellee.

HARPER, C. J. J. W. Small filed this suit against Cull C., Don, and Homer Moorman, first for $3,000 actual damages upon the allegation that he had been fraudulently induced to execute a lease to them of certain lands, reciting at length the misrepresentations, etc., relied upon, and for $1,000 exemplary damages.

The defendants answered by general denial, and specially pleaded that they told plaintiff that they could get $7.50 per acre bonus, and would pay them that amount, but specially denied that they promised any more.

The cause was submitted by a general charge, and upon verdict by jury for $600 judgment was entered for plaintiff for said sum. From which this appeal.

The court submitted only one issue by the following charge:

"First. Now if you believe from a preponderance of the evidence that, on or about the date mentioned in the plaintiff's pleading, the defendants or either of them, promised and agreed with the plaintiff, J. W. Small, that they would take the 240 acres of land in controversy in this case for a bonus or rental of $7.50 per acre, and that they would place it in a block or pool for drilling purposes, and that they would later obtain a drilling contract for such said acreage in said block or pool with some reputable company, and that the same would be held by the defendants without any financial profit or compensation to them, or to either of them, and that in the event a contract was obtained with some reputable company to drill upon said block or pool they would pay to plaintiff all that they obtained from such company for the acreage in question, and if you further believe from a preponderance of the evidence that the defendants, or either of them, represented to the plaintiff that they could only obtain $7.50 per acre for acreage in question, but that they would allow to him and pay to him all that they should receive for same, and if you further believe from the evidence that the defendants received for said acreage in question the sum of $10 per acre from the Humble Oil & Refining Company, as alleged by plaintiff in his pleading, and that they in fact only paid to plaintiff the sum of $7.50 per acre for same, then in the event you so find you will find a verdict for the plaintiff, and award him the difference between $7.50 per acre for said land and $10 per acre for same, or the sum of $600.

"Second. If on the other hand you believe from the evidence that the defendants only agreed and promised to pay the plaintiff the sum of $7.50 per acre for the 240 acres of land in controversy and no more, then, in that event, you will return a verdict for the defendant."

The appellants by their seventh and eighth assignments urge that this charge is erroneous because it is contradictory, upon the weight of the evidence, and does not submit the true issue in the case.

[1-3] We think it apparent that the charge is not subject to the first two criticisms, and, as to the third, the plaintiff pleaded that defendants promised to pay him all the bonus received from the land, that they got $10, and had only paid him $7.50. It was not error to refuse the special charge requested, because the issue to which it applies had been sufficiently covered by the main charge.

[4] The other assignments complain of the admission of evidence over their objections. First, the testimony of plaintiff that he was offered $15 per acre for a lease upon the

same land at the time he made the lease to defendants and refused it. Plaintiff pleaded these facts in connection with other allegations of fraud which induced him to enter into the contract, and prayed for. damages for fraud. So the evidence was admissible upon that issue. Hunter, Evans & Co. v. Lanius, 82 Tex. 677, 18 S. W. 201.

[5] The second, third, and fourth urge error in permitting plaintiff and other witnesses to testify concerning what defendants had said to others who signed up leases at the same time.

The rule is that when fraudulent intent is charged as to a particular transaction it is permissible to prove that the litigant charged with such wrongful intent was guilty of similar acts and conduct at or about the same time. Posey v. Hansen, 196 S. W. 731.

[6] Again when defendant Cull C. Moorman was upon the witness stand he was required upon cross-examination to testify over objections that he was a director in a bank and had extensive oil holdings, and this is assigned as error, upon the ground stated in the assignment and not followed by a proposition that it was: First, irrelevant and immaterial; and, second, might prejudice the jury against him.

As to the first, the appellate courts have long ago declared that a case will not be reversed on account of admitting testimony where this was the only reason assigned for the objection.

[7] As for the second, we are not prepared to hold that the fact that a defendant holds a position of trust in a bank and has accumulated a competence or even a large fortune is calculated to, or likely to, create such bias or prejudice in the minds of the jurors as that they would or could be caused thereby to distrust or discard his testimony, or be caused to, for that reason, find against him and in favor of one who is relatively a poor man, and appellant has not cited us to any holding to this effect by any court.

But, upon the other hand, the fact that a defendant holds such a position of trust and confidence is a very urgent reason for giving greater weight to his testimony.

The assignments are therefore overruled, and cause affirmed.