## SOUTHLAND GREYHOUND LINES, Inc., et al. v. DENNISON.

### No. 9849.

Court of Civil Appeals of Texas. Galveston.

June 8, 1933.

Rehearing Denied July 6, 1933.

Boyles, Scott & Fahey and Frank G. Dyer, all of Houston, for appellants.

Henderson & Copeland, of Houston, for appellee.

GRAVES, Justice.

Under the disposition to be made of this cause no opinion is required of this court, but in deference to the able counsel for the parties who have so fully and considerately briefed and argued it here, this general statement of the grounds upon which an affirmance has been ordered is made:

The appealed-from decree allowed the appellee a $775 joint and several recovery against the appellants for personal injuries and medical services to himself, together with repair costs to his automobile, found by the jury, in answering special issues, to have been proximately caused by a collision in the city of Houston between the appellee's car and a bus belonging to the Greyhound Lines, which collision had been brought about by the negligence of the bus driver. In entering the judgment upon such verdict the court, among others, after decreeing a full recovery against the bus line, stated these findings: "And it further appearing to the Court that at the time and date of said collision said defendant, Southland Greyhound Lines, Inc., owned, and was actually operating said bus, mentioned in the evidence, in the prosecution of its business as a common-carrier over a definite and fixed route under and by virtue of a permit of convenience and necessity duly issued to it by the Railroad Commission of the State of Texas, under the laws of the State of Texas and the Rules and Regulations of the Railroad Commission of Texas in pursuance to such laws, and that in pursuance to such laws, rules and regulations said defendant, American Fidelity & Casualty Company of Richmond, Virginia, prior to the date of the collision in question had issued its policy of insurance No. 8163 to said defendant, Southland Greyhound Lines, Inc., and said defendant, Southland Greyhound Lines, Inc., had filed the same with the Railroad Commission of Texas, as provided by law, whereby said defendant, American Fidelity & Casualty Company of Richmond, Virginia, undertook, contracted, agreed, and primarily bound and obligated itself to pay to any judgment creditor or person obtaining any judgment against said defendant, Southland Greyhound Lines, Inc., all damages for personal injury or loss of, or damage to, property arising out of the operation of said motor-bus owned and operated by said defendant, Southland Greyhound Lines, Inc.; that said policy and contract of insurance was primarily made for the benefit of third persons, including plaintiff, and that all of said damages above mentioned were sustained and arose out of said collision and the negligent operation of said bus belonging to said defendant, Southland Greyhound Lines, Inc.; that said bus was covered by said policy of insurance and said policy and contract of insurance was in full

force and effect at the time of and on the date of said injuries and damage so sustained by plaintiff, and that same is still in full force and effect; the Court is, therefore, of the opinion that said defendant, American Fidelity & Casualty Company of Richmond, Virginia, has become primarily bound and obligated to pay to plaintiff said damages so sustained by him arising out of the negligent operation of said bus aforesaid, and that plaintiff ought to have and recover of and from said defendant, American Fidelity & Casualty Company of Richmond, Virginia, the sum of Seven Hundred Seventy-Five & 00/100 Dollars ($775.00), together with interest thereon at the rate of Six Per Cent (6%) per annum from date of this judgment, and all costs of Court in this behalf expended."

The issues to the jury were greatly extended, and the verdict in response thereto found that the bus was owned by the Greyhound Lines, was operated in the prosecution of its business by its agent within the scope of his authority, that he was negligent in a number of particulars which proximately caused the collision and resulting damage, and that the appellee was not negligent in any respect.

After careful examination of the statement of facts, this court finds the evidence sufficient to have justified such submission of the cause in the first instance, and the court's refusal to set aside the verdict rendered thereon in the second; in our opinion, all that the record presents upon those features is an instance of conflicts in testimony, along with the weighing of many circumstantial details, of all of which the jury were the exclusive judges.

There was no error in the overruling of appellants' pleas in abatement and misjoinder, complaining of the linking of the insurance company and the bus line in the suit, because such dilatory pleas were not determined or disposed of during the term of court at which they were filed, as required by article 2013, Revised Statutes of 1925, and rule 24 of the District and County Court Rules, 142 S. W. 19, and appellants' failure to call such pleas up for action during the term at which they were filed constituted a waiver of same.

Neither did the court err in refusing to submit, at appellants' request, an issue of whether or not the collision had been the result of an unavoidable accident, for the reason that there was a total lack of any evidence of probative force tending to show that it was brought about by any unknown or unforeseen cause, and the parties on each side had affirmatively pleaded that specified negligence on the other had brought it about.

Furthermore, we think, the court's quoted finding holding the insurance company so primarily liable, along with the bus company, squared with both the facts in evidence and the law of the state, as reflected in chapter 270, p. 399, of the General and Special Acts of the Fortieth Legislature of Texas (Vernon's Ann. Civ. St. art. 911a), notwithstanding any particular thing in the policy itself that may run to the contrary.

The judgment of affirmance has accordingly already been entered.

Affirmed.