## WALKER v. JEAN LAFITTE HOTEL CORPORATION et al.

### No. 10175.

Court of Civil Appeals of Texas. Galveston.

April 30, 1936.

Rehearing Denied May 21, 1936.

York & Greenberg, of Galveston, for appellant.

Theobald & Johnston, of Galveston (William Stiglich, of Galveston, of counsel), for appellees Ed Licata and Ed Kirchem.

Frank S. Anderson, of Galveston, for appellee Jean Lafitte Hotel Corporation.

GRAVES, Justice.

This much of the statement made by the appellee hotel corporation, as far as it goes, is thought to be correct:

"This suit was filed in the Tenth judicial district court of Galveston county, Tex., by appellant, plaintiff below, against appellees Jean Lafitte Hotel Corporation, Ed Licata, and Ed Kirchem, defendants below, to recover actual damages in the sum of Twenty-Five Thousand Seven Hundred and Forty-three and 00/100 ($25,743.00) Dollars, and exemplary damages in the amount of Twenty-Five Thousand ($25,000.00) Dollars, for the alleged wrongful suing out of a writ of attachment by Jean Lafitte Hotel Corporation against the property of the plaintiff.

"The defendants Ed Licata and Ed Kirchem were sued as the constable and deputy constable of precinct No. 1, Galveston county, Tex., they having served the writ of attachment in the suit instituted in the justice court of said precinct.

"The plaintiff alleged: That she was the wife of G. H. Walker, having become such on the 26th day of December, 1931, and that the property levied on under the attachment was her separate property. That G. H. Walker abandoned her on the 4th day of January, 1932, at Galveston, Tex. That she was the owner of a certain Chrysler automobile roadster levied upon under the writ of attachment. That on the 2d day of January, 1932, plaintiff and her husband arrived in the city of Galveston, Tex., and parking said car in front of the hotel of this defendant, they entered the hotel, where the husband of plaintiff engaged a room for which he promised and obligated himself to pay the sum of Five ($5.00) Dollars per day. That they occupied said room in said hotel, the plaintiff merely being the guest of her said husband and in no way personally responsible for the hotel charges from the 2d day of January, 1932, up to the evening of the 4th of January, 1932, when her said husband left and abandoned her. That the manager of the defendant corporation then offered appellant the same room she and her husband formerly occupied at the rate of Three ($3.00) Dollars per day and appellant occupied it for a period of fifteen (15) days from that date. That she was not in any way responsible or liable for the bill or charges which were previously to the evening of the 4th day of January, 1932, incurred or contracted for by her said husband, and, further, that the said automobile, being her own separate property as aforesaid, was not in any way subject to or liable for debts contracted for by her said husband as is provided by article 4616 of the Revised Civil Statutes of the state of Texas. That when the said car was so wrongfully attached same was wrongful and unlawful in this, that the plaintiff herein was and is now a married woman, and said car was at that time, and is now, expressly exempt from attachment or execution and every other species of forced sale as is provided by article 3832, Revised Civil Statutes of Texas for 1925. The trial court granted the plaintiff authority to file and maintain her suit in her own name.

"The defendant Jean Lafitte Hotel Corporation answered separately by general demurrer, plea of not guilty, and general denial.

"Said defendant also specifically denied, under oath, that the plaintiff was the wife of G. H. Walker, and alleged that the plaintiff never was the wife of G. H. Walker, and was not married to him on the 26th of December, 1931, or subsequent to said date, and that the plaintiff was not entitled to sue in the capacity of a married woman.

"As a further defense to the alleged cause of action set forth in the plaintiff's second amended original petition, this defendant alleged:

"That on January 2, 1932, the plaintiff in company with a man claiming to be her husband entered the hotel known as Jean Lafitte Hotel, Galveston, Tex., and registered as G. H. Walker and wife, Savoy-Plaza Hotel, New York City, and were assigned to room 616, which they both occupied until about January 4, 1932, when G. H. Walker surreptitiously absconded from the hotel. That the plaintiff continued to occupy the room at the rate of Three ($3.00) Dollars per day, and at her request the register was changed to Lucienne Campbell. That this defendant was informed that the Chrysler automobile referred to in the plaintiff's second amended original petition was not her property, but that it was owned by San Francisco Acceptance Company, San Francisco, Cal., and that, without its consent, the plaintiff took the automobile from the state of California. That after the departure of G. H. Walker, the hotel presented to the plaintiff a statement for café charges, meals, telegrams, and telephone charges, cash advanced by this defendant to the plaintiff, and charges for room No. 616 occupied by the plaintiff and G. H. Walker, and that the plaintiff paid the defendant hotel the sum of Forty-five and 75/100 ($45.75) Dollars in cash, which was applied on account of said indebtedness. That the automobile in question, at the request of the plaintiff, was stored in the Universal Garage, and a check for the car sent to the hotel for safe-keeping; that on January 11, 1932, the plaintiff stated to the manager of the hotel that she intended to leave the city and county of Galveston, and requested delivery to her of the check for the automobile which was then in the custody of the hotel. That the plaintiff was a transient person, and this defendant had reason to believe that it was her intention to leave the county of Galveston without paying the balance owing by

her on account of the hotel bill and that it was not the intention of the plaintiff to return to Galveston county. That this defendant had reason to believe that the plaintiff and G. H. Walker fraudulently stated their residence to be at Savoy-Plaza Hotel, N. Y., for the purpose of deceiving the defendant as to their residence and address, and for making it impossible to locate them after leaving Galveston county. That this defendant had reasonable and probable cause to believe that the plaintiff was about to remove her said property out of the county of Galveston wth the intent to defraud her creditors and particularly this defendant, and that it in good faith, and without malice, caused a suit to be filed in the justice court, precinct No. 1, count 'B,' Galveston county, to recover the sum of Twenty-six and 80/100 ($26.80) Dollars, on account of the plaintiff's hotel bill, which was not included in the amount of Forty-five and 75/100 ($45.75) Dollars theretofore paid by the plaintiff.

"The defendant further alleged that the automobile in question was seized by Texas Adjustment Company, acting as the agent of San Francisco Acceptance Corporation, and the Home & Marine Insurance Company of San Francisco, Cal.; that the plaintiff, without the knowledge or permission of San Francisco Acceptance Corporation, the owner of the automobile, and without right to do so, drove it from the state of California, and that pursuant to a written contract entered into between the plaintiff under the name of Lucienne Campbell, and San Francisco Acceptance Company, the Acceptance Company by its agents seized the automobile, took the same in its possession, and removed it from Galveston county; that at the time of the seizure of the car, the agent of the acceptance corporation removed from it four (4) blankets, one (1) overcoat, two (2) sheets, one (1) Shrine pin, and one (1) pair of shoes, and left the property in the possession of Universal Garage."

The two officers so sued as a consequence of their having served the writs of attachment complained of—in answer to appellant's charges that they had acted maliciously and in conspiracy with appellee hotel company in so doing, knowing at the time that the car in her possession was not subject to attachment—answered with general demurrer, pleas of not guilty, denial and special denials, and further denied that they had acted maliciously or with any such knowledge as was so charged against them,

or that they had conspired against the appellant, but at length averred that in all things they did they were acting in the lawful discharge of their official duties in obedience to the writs of attachment issued out of the justice court of Galveston county commanding them to take the automobile into their possession pursuant thereto; that on being informed thereafter that the suit out of which the attachment writ issued had been dismissed, they at once went to the manager of the garage where the automobile had been kept in storage while held under the writ, and advised him that it had been released therefrom and could be returned to the appellant; that thereafter the automobile was never in the custody or under the control of either of them, wherefore they prayed for discharge from all liability.

The court submitted the cause to the jury upon three special issues, which together with the jury's answers thereto, were as follows:

"Special Issue Number One: Do you find from a preponderance of the evidence that plaintiff and G. H. Walker entered into a common law marriage agreement, as that term is hereinafter defined, to become husband and wife, at Yuma, Arizona, in the month of December, 1931?"

Answer: "No."

"If you have answered the foregoing special issue Yes, but not otherwise, then you will answer the following:

"Special Issue Number Two: What do you find from a preponderance of the evidence was the equity of the plaintiff, if any, in the automobile in question on the 12th day of January, 1932?"

Not answered.

"Special Issue Number Three: Do you find from a preponderance of the evidence that an agent of San Francisco Acceptance Corporation seized the car in question and took the same into his possession on the 5th day of March, 1932?"

Answer: "Yes."

On the coming in of the verdict so answering the quoted issues, the court—after having theretofore granted the motion of the two appellee officers to dismiss the cause as to them—upon the jury's verdict and the law and evidence as found by it rendered judgment in favor of all the defendants.

In this court the appellant presents a large number of assignments of error, all

of which are objected to by the appellees (as indeed was the appellant's brief itself) as not being in conformity to the rules, hence not entitled to consideration; upon an examination of the record, it is thought those objections are each and all of them well taken, except that it is concluded that appellant has sufficiently attacked the three special issues as neither having been properly submitted by the court nor sufficiently sustained by the evidence heard.

Wherefore, the only structural questions .the appeal properly presents are those revolving around whether or not the trial court erred in submitting the three issues it did to the jury, and whether or not there is sufficient support in the evidence for the two answers returned thereon; the procedural questions of whether the exclusion of appellant's amended petition for divorce from G. H. Walker, and the admission of the Hardwick and Moody depositions (together with the auto sales contract between appellant and the San Francisco Acceptance Corporation) and the testimony of appellant to having been arrested in Galveston for carrying a pistol, constituted error, will also be disposed of.

Outside of the issues involved in the special ones submitted, the undisputed evidence shows that the hotel corporation, on January 12th, after appellant and her alleged husband had registered at the hotel on January 2d, through its manager, sued the appellant in the justice court for the $45.75 hotel bill then claimed to be due it from her and swore out an ancillary attachment writ against the automobile involved, which was then in storage at the Universal Garage in Galveston under a storage ticket in her name; this ticket had been delivered to and was held by the hotel as security for the bill, the car itself neither then nor thereafter being in the hotel's possession; shortly later appellant paid the amount of that bill, whereupon the hotel dismissed that suit, and the car was turned over to her; on the ensuing February 24th, however, appellant having in the meantime remained a guest of the hotel and having contracted an additional bill thereat of $26.80, and having, with the latter bill remaining unpaid, advised the hotel that she intended to go to Houston, without making any provision for the payment of the bill, the hotel in the same manner sued out a second writ of attachment against her, which was likewise levied by the same two officers on the car in an effort to collect that amount; sub-sequently, on the payment of the $26.80 also, the second suit and its accompanying attachment were likewise dismissed and disposed of, the appellant in the interim having left the hotel and lived elsewhere in the city of Galveston. The car was thereupon again turned over to her, but thereafter, on the ensuing March 5th, as the jury found in answering quoted issue·No. 3, was taken from her possession by the San Francisco Acceptance Corporation and retained by it, the hotel corporation never having—as stated supra—itself been in actual possession of the car at any time.

■■ It is apparent from what has thus been recited—especially since the appellant herself in her pleading grounded her suit for consequential damages against the hotel corporation and the two officers upon the averment that she had been a married woman at the time the indebtedness and the attachments involved had been incurred, and that the automobile impounded by the writs had been her separate property as such at all those times—that the question of whether or not she had so then been a married woman was a most material one of fact as affecting the right of all parties concerned, as well as was also the further one of whether she had at those times been the owner of the automobile in her separate right.

Under the outlined pleadings of both the main parties, it seems clear to this court that consequently there was no error in the learned trial court's having made the question of whether appellant had been married, as she alleged, the leading issue of fact submitted to the jury; not only so, but after a most painstaking examination of the statement of facts, this court is unable to find any such lack of support in the evidence for the jury's negative finding on that inquiry as justifies its being set aside; it is true there was no direct or affirmative controversion of the specific statements the appellant made in support of her claim of a common-law marriage she declared upon, but under the law that was not indispensable, since upon the whole body of the circumstances that were shown—taken together—the jury were justified in refusing to accept those statements, in accord with this statement of the law in Texas Jurisprudence, Vol. 17, pp. 902, 903, and 904:

"But a jury or the court are not bound to accept the statement of a witness as true because it is not directly or expressly contradicted or impeached by other witnesses

upon the stand; on the contrary, the trier of facts may disregard testimony of a witness who has neither been impeached nor contradicted if his statements appear to be untrue from his manner of testifying, prejudice toward the opposite party, interest in the result of the litigation, or the circumstances rendering them inconsistent with reason and common observation; likewise, testimony may be disregarded because of other things which cast suspicion thereon, or indicate that it is not reliable. And the fact that upon a single issue there is no direct contradictory testimony may be discounted by the testimony as a whole, furnishing a denial of the fact testified to by the witness."

The same considerations and conclusions likewise appertain to the giving of quoted issue No. 3 and the verdict thereon, except that the evidence in that instance was direct and practically undisputed in support of the jury's finding that the acceptance corporation, and not the appellee hotel, was the one that deprived appellant of her possession of the automobile; furthermore, as already stated, the proof was likewise compelling that that corporation, under the sales contract it had made with the appellant, had always been the owner of the car, that she never had acquired a title thereto by reason of having always been in arrears with the concern for the purchase price thereof under the financing contract between them, and that the seizure the jury found it had made from her of the car, after the hotel corporation's claims had been paid, was made under its rights pursuant to that contract between her and it; wherefore, whatever damages or consequence may have been visited on her by the deprivation of the car had not been caused by the hotel but by the acceptance corporation.

It follows also, if the appellant at the times here involved was never married nor the owner in her separate right of the automobile, as the verdict of the jury on sufficient evidence established, that neither the hotel corporation nor the two appellee officers were liable to her on the claims asserted against them.

Our further conclusion is that no prejudicial error against the appellant was committed in the rulings on the evidence above adverted to; as concerns the first of them, it appears that, after the proceedings out of which this damage action grew, appellant in Galveston had in one of its district courts obtained a divorce against G. H. Walker, who had so come to and abandoned her in Galveston on January 2–4 of 1932, and on the trial of this suit she sought to introduce in evidence here as proof of her claims that she had so contracted a common-law marriage with Walker in Yuma, Ariz., her amended petition against him in such divorce suit; obviously it was not admissible, either for that purpose or to show that the district court in Galveston had recognized her alleged marriage to Walker.

The same conclusion is reached as to the receipt of the other two pieces of evidence complained of; the hotel corporation had defended partly upon its claim that appellant had not owned the automobile involved, but that it was owned by the acceptance corporation of San Francisco, and that she had taken it out of California in violation of the sales contract between them for it, and that that concern had subsequently repossessed it from her by virtue of that same contract; such being the issues of fact, that contract, as well as the testimony of the witnesses Hardwick and Moody in support of the issues so raised by the appellee hotel's pleadings against the appellant, was clearly admissible; as concerns the complaint against appellant's having been cross-examined on whether or not she had been charged and arrested in Galveston county for carrying a pistol, which she answered in the affirmative, the record conclusively shows that her own counsel thereupon on his own part fully interrogated her as to that alleged charge, going into all of the whys and wherefores connected with it, and that this action constituted a waiver of the objections raised; at any rate, if the court's action was erroneous in this respect, appellant, in our opinion, fails to show that any injury probably resulted to her from the admission of the testimony so brought out. Rule 62a; Wells Fargo & Co. v. Benjamin (Tex.Civ. App.) 165 S.W. 120; Millers' Indemnity Underwriters v. Schrieber (Tex.Civ.App.) 240 S.W. 963; Fuller v. El Paso Livestock Commission Co. (Tex.Civ.App.) 174 S.W. 930.

It may properly be added that in the opinion of this court the record herein fails to show that the large number of special issues requested by the appellant on the trial below were ever submitted to opposing counsel for examination and acceptance

within the requirements of R.S. art. 2186, hence for that reason, if no other, they were properly refused.

Upon the cause as an entirety, under the conclusion that the issues submitted by the court to the jury embodied all the material questions of fact upon which the parties under the pleadings and testimony had joined issue, and that the jury's verdict thereon was sufficiently supported by the evidence, it follows that the judgment so entered below should be affirmed; it will accordingly be so ordered.

Affirmed.