**TRAPP v. LAMPTON et al.**

No. 3600.

Court of Civil Appeals of Texas. El Paso.

Jan. 13, 1938.

H. P. Smead, of Longview, for appellant.

J. Harold Craik and Houtchens & Houtchens, all of Fort Worth, and Harrington & Harrington, of Longview, for appellees.

HIGGINS, Justice.

This is a suit by W. W. Lampton, Lizzie Radford, a feme sole, Len Register, and S. F. Houtchens, against M. E. Trapp to cancel two royalty deeds to said Trapp. The first instrument was executed by Len Register, dated September 5, 1931, and purported to convey to Trapp two barrels of oil per day from a certain tract of land. The other instrument was executed by Lizzie Radford, by her attorney in fact, Oscar Register, dated September 11, 1931, and purported to convey to Trapp five barrels of oil per day from a certain 50-acre tract and a tract of 13.65 acres adjoining the 50-acre tract. It was alleged the execution of the instruments had been induced by false and fraudulent representations of Trapp. Other grounds were set up in the petition, but it is unnecessary to refer to the same.

Findings upon the issues of fraud were made in favor of the plaintiffs upon which judgment was rendered canceling and annulling the instruments above mentioned, and removing the cloud from the title cast thereby.

By pleas in abatement and special exceptions Trapp complained of a misjoinder of parties plaintiff and causes of action.

It is evident from the record that the pleas in abatement and the exceptions were either not contained in the earlier pleadings of the defendant, or, if they were so contained, they were not timely presented during the term at which they were filed. Under such circumstances the pleas and exceptions will be deemed to have been waived. Article 2013, R.S.; Rule 24 for District and County Courts; Camden Life Ins. Ass'n v. Clark, Tex.Civ.App., 69 S.W.2d 463; Southland Greyhound Lines v. Dennison, Tex.Civ.App., 62 S.W.2d 500.

Furthermore, the pleas and exceptions mentioned were preceded by the defendant's general demurrer, and they were, therefore, not filed in due order of pleading. Hoke v. Simonton, Tex.Civ.App., 46 S.W.2d 1013; Dr. Pepper Bottling Company v. Rainboldt, Tex.Civ.App., 66 S.W.2d 496.

It further appears, both from the pleadings and the evidence, that the issues presented by the two transactions were such as might be most conveniently tried at the same time. In matters of this kind the court is vested with a discretion. This discretion was not abused in this instance, and the defendant could not reasonably have been harmed by overruling the pleas and exceptions. Mixon v. Farris, 20 Tex.Civ. App. 253, 48 S.W. 741; Ferguson v. Dodd, Tex.Civ.App., 183 S.W. 391; Tomerlin v. Mittendorf, Tex.Civ.App., 286 S.W. 477; 1 Tex.Jur. p. 677.

Appellant's third proposition asserts a peremptory charge in his favor should have been given, because there is no evidence that the defendant misrepresented or defrauded plaintiffs, or either of them, or that plaintiffs have suffered any injury or damage by reason of such misrepresentation or fraud.

Defendant in his motion for a new trial, in the ninth paragraph thereof, asserted the

judgment of the court is contrary to the evidence, and in the eleventh paragraph of the motion, it is said, the judgment of the court is contrary to both the law and the evidence. In no particular does the motion undertake to point out in what respect the evidence is insufficient.

We very much doubt if the specifications of error contained in the motion for a new trial are sufficient to raise the question of the sufficiency of the evidence. In Stillman v. Hirsch, 99 S.W.2d 270, 275, Justice Sharp, speaking for the Supreme Court with reference to rules then recently adopted, said: "A motion for new trial has a useful purpose. It gives the trial judge an opportunity to have his attention called to the alleged errors committed by him during the trial. It is well known that the trial judge must act quickly upon questions presented to him. Many rulings are made upon the theory that other phases of the case will be presented and developed, which ofttimes do not materialize. The object of the law is to give to the trial judge an opportunity to try the case correctly, and to avoid unnecessary appeals. Anything short of this does not meet the purpose of the law. The object of a motion for new trial is to point out the rulings complained of, and call them to the attention of the trial judge, so that he may have an opportunity of reviewing his decisions, and, if need be, correct them."

■ When a litigant, in a motion for new trial, simply broadly asserts that the judgment is contrary to the evidence and contrary to both the law and the evidence, he has not, in our opinion, complied with the ruling in the case cited. Unless the litigant points out the defect in the evidence, he has not properly called the insufficiency of the evidence to the attention of the trial judge so that he may review his decision, and, if need be, correct the same by granting the motion for retrial. However, we have reviewed the evidence in this case, and regard the same as sufficient to support the findings made and the judgment rendered.

Complaint is also made of certain rulings upon evidence. These rulings present no error. Rick v. Farrell, Tex.Civ.App., 266 S.W. 522; Moorman v. Small, Tex.Civ. App., 220 S.W. 127; Goree v. Uvalde National Bank, Tex.Civ.App., 218 S.W. 620; Posey v. Hanson, Tex.Civ.App., 196 S.W. 731; Loftus v. Sturgis, Tex.Civ.App., 167 S.W. 14.

■ Another proposition asserts the court erred in not sustaining Trapp's general demurrer to the plaintiffs' petition, because the petition does not offer to pay back the purchase money paid by Trapp, nor does it show that there was at any time a tender back of the purchase money, or any offer to place the defendant in statu quo. This is a matter which cannot be raised by general demurrer, nor for the first time after judgment, as is attempted to be done here. Moor v. Moor, Tex.Civ.App., 255 S.W. 231; Davis v. Burkholder, Tex.Civ.App., 218 S. W. 1101; Williams v. Wright, 20 Tex. 499, 500; Moore v. Cross, Tex.Civ.App., 26 S. W. 122.

■ Furthermore, the record as a whole abundantly reflects that the defendant has been fully indemnified for what he paid the plaintiffs as consideration for the conveyances out of the proceeds of the oil conveyed by the instruments. Under such circumstances it was unnecessary for the plaintiffs to repay or tender back the consideration received by them from Trapp. Cearley v. May, 106 Tex. 442, 167 S.W. 725.

The judgment is affirmed.