## GEISTMANN v. SCHKADE.
### No. 8739.

Court of Civil Appeals of Texas. Austin.

Oct. 26, 1938.

Rehearing Denied Nov. 9, 1938.

495

Robert T. Neill and Upton, Upton & Baker, all of San Angelo, for appellant.

Kerr & Gayer, of San Angelo, for appellee.

BLAIR, Justice.

Appellant, T. W. Geistmann, sued appellee, W. L. Schkade, for the conversion of ten bales of cotton, alleged to have been taken from a 160-acre farm owned by appellant without his knowledge or consent. Appellee filed a general denial, and by special answer alleged:

"That on or about January 31, 1936, he and plaintiff entered into a verbal agreement whereby defendant agreed to kill Johnson grass growing and that would grow on the land described in plaintiff's pleadings for an agreed consideration of $25.00 per month for a period of seven months, and a part of the crop to be grown on said land; that at the time said agreement was made it was not known what crops or how much crops would be planted but it was agreed that defendant was to have a portion of the crops grown or raised on said land whatever was in fact raised; that the amount defendant would have would be arrived at after it was determined what crop or crops and how much would be planted; that in the late spring of 1936 during the month of May or June there was a good rain (it having been very dry prior thereto) and plaintiff decided to plant all of said land in cotton, and agreed

to give defendant the cotton grown on the east 50 or 60 acres and he was to have all the rest of the cotton grown on said land; that the cotton sued for by plaintiff was raised on the east 50 or 60 acres of said land and therefore is the property of this defendant, and plaintiff has no right, title or claim thereto."

In answer to the three special issues submitted the jury found: (1) That appellant did not employ appellee from February 1st to September 1st, at $25 per month; (2) that appellant agreed to pay appellee for his work on the farm in question $25 per month for seven months and a part of the crops grown on the farm; and (3) that appellant agreed to give appellee all the cotton grown on the east 50 or 60 acres of the farm, in addition to $25 per month for the period of seven months.

Upon these findings of the jury judgment was rendered for appellee and that appellant take nothing by his suit. The judgment further recited that five bales of the cotton had been turned over to appellant upon his giving a replevy bond with R. A. Perry, T. A. Boykin, and W. W. Chastain as sureties, and decreed that said cotton be returned to the sheriff within ten days, and further decreed that appellee recover judgment against appellant and his sureties, jointly and severally, on the replevy bond, for the sum of $66 for each bale of cotton not so returned.

■■ Appellant contends that the trial court erred in not instructing a verdict for him upon the ground that the contract alleged by appellee was not proved, but that a different contract was proved. Without attempting to detail all of the evidence, the ultimate facts proved were sufficient to support the jury finding that the 160 acres of land owned by appellant were in bad shape in the spring of 1936; that because of Johnson grass thereon no crops of any consequence had been raised on the land for several years; that in February, 1936, appellant agreed to pay appellee $25 per month to help kill out the Johnson grass, and then agreed to give him a portion of the crops which might be raised upon the place; that it was dry up until May or June, when it began to rain and then it was agreed that the entire 160 acres was to be planted in cotton, and that appellee was to receive all of the cotton grown on what was known as the east 50 or 60 acres. This proof by appellee clearly supported the allegations of his answer,

which alleged in substance that appellant agreed to pay him $25 per month and the cotton grown on the east 50 or 60 acres in consideration of his labor and services in connection with the killing of the Johnson grass on the tract of land during the year 1936. The evidence further showed that the ten bales of cotton in question were raised on the east 50 or 60 acres of land. "There is no rule that requires that all the terms and provisions of a contract upon which a suit is brought shall be alleged, either literally or in substance. The rule in this respect is that, in order to avoid prolixity, so much of the contract as is essential to the cause of action should be set forth and no more, and this also may be stated according to its legal effect." Automobile Ins. Co. v. Bridges, Tex.Civ. App., 5 S.W.2d 244, 246; Elliott, Jones & Co. v. Waurika Oil Ass'n, Tex.Civ.App., 253 S.W. 601; 10 Tex.Jur. 495.

By several propositions appellant contends that the special issues submitted, particularly issues 2 and 3, violated the rights of appellant as well as the rules in reference to submitting special issues, and particularly because the case as submitted by the issues was submitted from the affirmative standpoint or theory of appellee, and did not present the affirmative standpoint or theory upon which appellant brought his suit for conversion; and that issue No. 2 submitted a double question, first, whether the contract was for $25 per month for seven months; and, second, whether appellee was to also have a portion of the crops.

■ The pleadings and particularly the proof of appellee showed that the cotton was raised upon the farm of appellant, but under a special contract whereby appellee was to receive the cotton in payment of his labors performed upon the farm of appellant during that year. There was no controversy between the parties that appellee was to receive $25 per month for seven months for his labor upon the farm. The only controversy arose as to whether he was to receive in addition thereto a part of the crops grown on the farm in payment of his labor. The issues submitted the theory of contract specially plead by appellee, which was the only controverted issue in the case. Appellant had no theory of the case except that appellee had entered upon his premises and wrongfully taken the cotton. Appellee replied that he had not done so, but had taken it under the special contract plead, which admitted that he had

gone upon the premises and taken the cotton, and that the premises belonged to appellant; and if the jury had answered that appellee did not have such a contract then as a matter of law appellant would have recovered without any further findings of the jury. Special Issue No. 2 did not submit two questions for the determination of the jury. It submitted the contract as plead by appellee; that is, that appellant had agreed to pay him $25 per month and a portion of the crops raised in consideration of his services in working the 160-acre farm for the year 1936. The jury found that he so contracted. The third issue submitted the question of how much or what portion of the crops was agreed upon by appellant and appellee, and the jury found that appellee was to receive all cotton grown on the west 50 or 60 acres in question.

 After the court had overruled appellant's motion for a judgment, and after appellant had objected to the form and substance of the three special issues submitted, appellant requested the court to submit five special issues. These special issues were all submitted on one sheet of paper and presented to the trial court, who wrote on the bottom thereof, "Refused and plaintiff excepts." It has been settled that it is not error to refuse such requested issues where they are all placed on one sheet of paper. Medford v. Kimmey, Tex.Civ. App., 298 S.W. 140; Art. 2186, R.S.1925. The record does not show that the special issues requested were submitted to counsel for appellee, and therefore they should have been refused. Walker v. Jean Lafitte Hotel Corp., Tex.Civ.App., 94 S.W.2d 504. In any event the court did not err in refusing to submit the issues requested by appellant, because they were either covered by the issues given in the main charge, or involved undisputed facts, or covered evidentiary matters which did not determine any ultimate fact question in the case.

 Appellant complains that on cross examination defendant's father replied to a question as to whether he knew up until the time the cotton was picked that appellant claimed any interest in it, to which he replied, "Not until appellant had caused defendant (appellee) to be arrested." And another similar question was also answered in a similar manner by the witness. Appellant contends that this testimony was improper and calculated to prejudice his rights, and that he is entitled to a reversal because it was not affirmatively shown by the record that the testimony did not result in injury. We do not regard the answer of the witness, though probably not entirely responsive to the question asked on cross examination, as being so erroneous as to require a reversal of the case. The witness testified that he was present when the contract of employment of his son was made in the early part of the year 1936; that he was also present when it was agreed that he should have the cotton raised on the east 50 or 60 acres. The cross examination consisted of a detailed and persistent questioning as to the exact time in which witness fixed these dates of the contract, and when he first learned that appellant was claiming to own the cotton on the east 50 or 60 acres; and his reply was that he had not known of it before appellant caused the arrest of his son, appellee. We regard the answer as partially responsive, in that he was attempting to fix a time when the alleged contract relied upon by appellee was made. Witness' credibility was being attacked by counsel, and to such question he answered that he learned that Geistmann was claiming the cotton for the first time when he had his son arrested. We do not regard the statement of the witness as being so prejudicial to appellant as to require the reversal of the case under Rule 62a.

 Nor do we sustain appellant's contention that the judgment of the trial court should be reversed because counsel for appellee in his argument gave his opinion as to the truthfulness of a witness, and stated his conclusions, and advised the jury how the issue should be answered. Counsel did not advise the jury nor improperly express his opinion as to the truthfulness of the witness. He simply stated, "I wouldn't have you consider anything that I have to say in connection with the issue. I am discussing the evidence and the reasonable deductions to be made. You have a right to consider the evidence and what reasonable inferences the evidence will support, and to draw your own conclusions from that deduction, and I have the same right."

Appellant's counsel made several objections to the argument of appellee's counsel, and after such objections had been overruled, counsel for appellee stated to the jury as follows:

"When you hear a fellow begin to squeal, it is because he is hurt. It is like the old

story about the hog being hung in the fence with a big ball of mud on his tail. When he gets caught in the fence, he will squeal. That is what you have here; when it begins to hurt, he begins to squeal."

And also the further statement:

"Outside of some strutting—strutting when sitting down—counsel has ·brought nothing to you and couldn't bring anything to you."

█ Counsel contends that this argument is condemned under Rule 39 governing district courts and also condemned by such authorities as Western Indemnity Co. v. MacKechnie, Tex.Civ.App., 214 ·S. W. 456, 457; Texas Coca Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 112 S.W.2d 203. We do not regard the argument of· counsel under the circumstances as being improper or as presenting reversible error under Rule 62a. No objection was made to this particular argument at the time it was made; nor did counsel request that the jury be instructed to disregard it. The rule is ˙settled in this state that where argument although improper is not objected to at the ·time, giving the court an opportunity to withdraw same and to instruct the jury not to consider it, it will be deemed to have been waived, unless it was so clearly prejudicial that an instruction by the court to disregard same would not have been effective to remove any possibility of injury therefrom. Gulf, C. & S. F. Ry. Co. v. Giun, ˙Tex.Com.App., 116 S˙.W.2d 693, 116 A.L.R. 795. We find nothing in this argument which was clearly prejudicial.

█ Nor ·can the assignments complaining of such arguments be considered, because the matter was not properly presented to the trial court in the motion for rehearing. In the motion for rehearing appellant stated, "This court should set aside the verdict and grant a new trial on account of the highly prejudicial, unwarranted, and inflammatory argument of defendant's counsel, Mr. Louis Gayor, as fully shown by plaintiff's exception No. ———." This motion was filed November 9, 1937, and was overruled November 12, 1937. On January 8, 1938, appellant filed bills of exceptions Nos. 1, 1a, 2 and 3, and for the first time the specific argument complained of was pointed out. The motion for new trial did not point out the argument. Rule 2. for the Courts of Civil Appeals promulgated December 9, 1936, by the Supreme Court provides that in no event will any assignment of error be considered on appeal where the error complained of was not distinctly presented to the trial court in the motion for new trial. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; Trapp v. Lampton, Tex.Civ.App., 112 S.W.2d 1112.

█ Appellant contends that "because there was no evidence as to the value of such cotton, or that plaintiff (appellant) had replevied same," that the trial court erred in rendering the alternative judgment of $66 per bale for cotton replevied, by appellant if not returned to the sheriff as directed. Appellant testified that he had replevied five bales of the cotton. The judgment recited that he had replevied five bales of the cotton, and both the motion and the supplemental motion for a new trial referred to the fact that the cotton had been replevied by appellant. As to the value of the cotton appellant testified that the cotton was worth 12 cents, as alleged in his petition. The weight of each bale of cotton was agreed upon, and at 12 cents per pound the smallest bale was worth $66.48, therefore the value of the cotton was shown to be more than $66 per bale as of whatever date appellant referred to, which is not clear from the record. Appellant, upon whom the burden rested, has not brought up in the record the sequestration proceedings. His particular complaint on appeal is that Article 6857, R.S.1925, requires that the value of the cotton be´shown as of the time of the execution of the replevy bond, or as of the date of the trial. Appellant made no such objection to the alternative judgment for $66 per bale for cotton not returned as directed by the judgment in his motion for a new trial. His only objection to said judgment was that it "is not supported by any pleadings or any evidence." Manifestly this general objection did not call the court's attention to the specific fact that appellant was complaining that the value of the cotton was not fixed as of the date of the replevy, nor as of the date of the trial. Rule 2 of the Courts of Civil Appeals, promulgated December 9, 1936, by the Supreme Court, provides: "But in no event shall any ·assignment of error be considered on´ appeal where the error complained of was not distinctly presented to the trial court in the motion for a new trial." In the case of Trapp v. Lampton, Tex.Civ.App., 112 S.W.2d 1112, it was held [page 1114]: "When a litigant, in a motion for new trial, simply broadly asserts that the judgment is contrary to the evidence and contrary to both the law and the evidence, he has not, in our opinion, complied

with the ruling in the case cited. Unless the litigant points out the defect in the evidence, he has not properly called the insufficiency of the evidence to the attention of the trial judge so that he may review his decision, and, if need be, correct the same by granting the motion for retrial."

In view of the entire record we conclude that appellee did not allege one contract and prove another as complained of by appellant, and that the several propositions and assignments with regard to practice above discussed are not sufficient to require reversal of the judgment of the trial court, and it will be affirmed.

Affirmed.