## JOHNSON v. ASHBY. (No. 3238.)

Court of Civil Appeals of Texas. Amarillo.
May 15, 1929.

Rehearing Denied June 19, 1929.

B. N. Richards, of Dalhart, for appellant.
Tatum & Strong, of Dalhart, for appellee.

HALL, C. J. Appellant and appellee were partners and real estate brokers in Dalhart. The partnership was formed January 1, 1926. Appellee contends that the partnership was dissolved by an agreement effective September 1, 1926. Appellant, Johnson, insists that the dissolution occurred on August 23, 1926. Ashby filed this suit to recover one-half of the commission which he alleges Johnson collected upon a sale negotiated by the firm prior to its dissolution. It is agreed that the total commission collected by Johnson was $2,357.60. No issue is raised upon the sufficiency of the pleadings. The controversy was submitted to a jury upon one issue, in response to which the jury found that the

partnership terminated September 1, 1926. Judgment was accordingly entered in favor of plaintiff Ashby for $1,179, with 6 per cent. interest from January 1, 1927.

The case is before us upon three propositions. In his brief, appellant abandons the first two propositions, and insists upon the third, which is as follows: The issue having been sharply made by the testimony of the plaintiff on the one hand that it was agreed on the 19th day of August that the partnership should be dissolved on the 1st of the following September, and by the testimony of the defendant on the other hand that the conversation of the 19th did not occur, but that the partnership was absolutely dissolved on the morning of the 23d, effective then, the testimony of plaintiff that he had made a contract with Ab Childers for another office, and signed it up on the 21st of August, was on a vital issue in the case, and this, having occurred out of the presence of defendant, was immaterial, harmful, and prejudicial, and its admission against defendant was incorrect.

The bill of exception upon which this contention is based recites that; while Ashby was on the witness stand testifying in his own behalf, he testified as follows: "As to when I was to cease my business connections with him, he said to let it go on to the 1st (of September) and he held out the money. I know this was on the 19th of August, because I got my check on the 19th, cashed it the next day, and I saw Ab Childers and rented my place." Then according to the recitation in the bill of exception, the plaintiff offered in evidence the written lease he had made with Childers for an office for himself. The appellant objected to the lease upon the ground that it was a transaction between the plaintiff and a third person, not in the presence of the defendant, was immaterial and prejudicial to the rights of the defendant. No objection was urged to the statement previously made by the witness that he knew that the conversation was on the 19th, because he got his check that day, and cashed it the next, and saw Childers and rented him a place. The court did not permit the lease contract to be read to the jury, but said: "I will permit it as to the date of that contract," whereupon, according to the bill, the date of the contract, being August 21, 1926, was read to the jury.

It is not reversible error to admit testimony of a fact which has been previously established by other evidence, nor is it reversible error to admit testimony which is merely cumulative. These rules are too fundamental to require citation of authorities.

On cross-examination, appellant's counsel had challenged the correctness of appellee's memory concerning the transactions leading up to the dissolution of the partnership and the dates upon which the conversa-

tions occurred by asking him how he fixed the date of the disagreement he had with appellant and of the conversations relative to a dissolution of the firm in regard to when it was to become effective, and further as to the date when Childers was in the office of the firm. The testimony objected to was part of appellee's testimony on redirect examination, by which his counsel endeavored to remove the doubts created by appellant's cross-examination. Appellee testified that he fixed the days by the day upon which he had cashed the check for $106 which appellant gave him in settlement of his share of all deals to that date. He further fixed the date by the day on which his auto was disabled and in the garage to be repaired, and, in corroboration, he introduced the account for repairs, showing the date to be August 20th.

It is permissible for a witness to refresh his memory by referring to any written data or memorandum which he knows to be correct. The date of the contract having been testified to prior to the time the objections were made, and no exception having been taken to that part of the testimony, the action of the court in permitting the witness to read the date of his contract, if error, is harmless.

The judgment is therefore affirmed.