## TEXAS EMPLOYERS' INS. ASS'N v. TROTTER.

### No. 11225.

Court of Civil Appeals of Texas. Dallas.

Nov. 12, 1932.

Rehearing Denied Dec. 10, 1932.

Lawther, Cox & Cramer and Jas. P. Swift, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

LOONEY, J.

E. C. Trotter, an employee of McKenzie Construction Company, sued to set aside an award of the Industrial Accident Board and to recover for total permanent disability resulting from injuries received in the course of his employment. The findings of the jury and judgment in his favor against Texas Employers' Insurance Association for $4,627.15 (one-third to his attorneys) are fully sustained by evidence and should be affirmed, unless reversible error is made to appear by the assignments, which we will now discuss.

Appellant insists that the suit was instituted too late, the contention being that same was not filed within the required twenty days after appellee notified the board that he would not abide by its final decision. The pertinent facts are these: The notice is dated December 16, 1930, was received and filed by the board on December 17th, and the suit was filed January 6, 1931. It is obvious, therefore, that the suit was filed within the time provided by statute. See article 8307, § 5, R. S. 1925, as amended by Acts 1927, c. 223, § 1, and Lumbermen's Reciprocal Association v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565.

Appellee notified appellant in writing (in his petition) to produce, at the trial, its policy insuring the employer, or that secondary evidence thereof would be introduced. The policy not being produced, appellant's attorney, Mr. Cox, was called to the stand and sworn as a witness by appellee, and asked, among other questions, if he would admit that his client (appellant) had issued such a policy; this question, being objected to as prejudicial, was withdrawn and not answered. Appellant contends that the mere asking of the question was prejudicial. We do not think so, hence overrule the contention.

Appellant assigns error on the action of the court in admitting in evidence, over its objection, a certified copy purporting to be the notice given the Industrial Accident Board by appellant of the renewal of its insurance; the objection being that the instrument was not admissible because not signed by the insurer. The notice appears to have been made out on blank form furnished for that purpose by the board, and reads: "The Industrial Accident Board is hereby given notice of the *Renewal of Policy* of insurance by the undersigned under the terms and provisions of the Employers' Liability Act, to— Employer McKenzie Construction Company, address, San Antonio, Texas. Occupation, contractor; former insurer, Texas Employers' Insurance Association. Date of cancellation or expiration of old policy, 6—630, 19—. Number of Employees *Annual Pay Roll* $———. Policy number G6471. Date effective 6-6-30, 19—; hour effective 12:01 A. M.; Present insurer Texas Employers Insurance Association; dated at Dallas, Texas, this 3rd day of May, 1930. Note: If more than one place of business is conducted un-

der same name, use separate blank for each. This form must be executed by the insurance carrier promptly upon the *Renewal of a Policy* of insurance under the Employers' Liability Act, and mailed to the Industrial Accident Board, Austin, Texas. (Rec'd. Industrial Accident Board State of Texas, May 5, 1930.)"

It will be observed that the name of appellant appears twice in the notice, both as the original and as the present insurer. The statute requires that both the employer and the association shall serve notice on the board, giving the name of the compensation insurer, the date of the insurance contract, date of its expiration, and of its renewal, if any. See article 8308, § 18a, R. S. 1925. No particular form of notice is required, neither is the manner of its execution directed; the requirement being that certain information shall be furnished. The statute, article 8307, §§ 8 and 9, R. S. 1925, provides that the board shall furnish to any person entitled thereto certified copies of any orders, awards, decisions, or papers on file in its office, and makes the same admissible as evidence of the act of said board in the courts of the state. As to the admissibility and sufficiency of such evidence to establish the fact that appellant carried compensation insurance for the employer, see Texas Ind. Ins. Co. v. Wilson (Tex. Civ. App.) 281 S. W. 289 (App. for writ dismissed); Texas Employers' Insurance Ass'n v. Perry (Tex. Civ. App.) 35 S.W.(2d) 1087–1090 (Writ refused).

■ The record discloses, however, that appellee was injured on July 8, 1930, and thereafter, beginning July 18th, appellant, assuming liability, paid appellee weekly compensation for thirteen weeks, amounting to the sum of $180.05, for which credit was allowed on rendition of judgment. No contention seems to have been made below, nor is contention made here, that appellant was not the carrier of compensation insurance for the employer. Under these circumstances, appellant will not be heard to deny the existence of the insurance contract, as the assumption by it of liability, evidenced by payment of compensation to the injured employee, unexplained, is sufficient to establish the existence of the contract. See Georgia, etc., Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601; Utilities, etc., Exchange v. Burks (Tex. Civ. App.) 7 S.W.(2d) 1112, 1115; Independence Ind. Co. v. Polk (Tex. Civ. App.) 14 S.W.(2d) 330; Texas Employers' Insurance Ass'n v. Beckworth (Tex. Civ. App.) 42 S.W.(2d) 827. We therefore overrule all assignments and propositions pertaining to the existence, whether or not, of the insurance contract.

■ Appellant also assigns error on the action of the court in permitting John D. Coffman, assistant district attorney, to testify, over objection, that after he had talked with appellee and appellant's witness Iva Payne, and also with a handwriting expert, he filed complaint against Iva Payne. charging her with forgery; appellant's contention being that the evidence was immaterial, irrelevant, and prejudicial.

The bill of exception taken to the action of the court is incomplete, in that it fails to state facts that exclude any reasonable hypothesis upon which the ruling of the trial court can be explained or that show the supposed error is not merely abstract. Our decision could rest there, but we do not think appellant was prejudiced, for the reason that the witness had, on both direct and cross examination, testified without objection that there pended against Iva Payne twelve charges of forgery, and it was on his redirect examination by appellee's attorney that the testimony objected to was developed; in other words, the evidence objected to, in substance, was already a part of the record and without objection. It is not reversible error to admit testimony merely cumulative of evidence already in the record. See Texas Employers' Insurance Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752, 756; Saigh v. Laechelin (Tex. Civ. App.) 17 S.W.(2d) 838, 839; Johnson v. Ashby (Tex. Civ. App.) 18 S.W.(2d) 726.

In harmony with the views expressed above, the assignments and propositions urged by appellant are overruled, and the judgment of the trial court is in all things affirmed.

**Affirmed.**