## TEXAS EMPLOYERS INS. ASS'N v. HEVOLOW.

### No. 3870.

Court of Civil Appeals of Texas. El Paso.

Jan. 11, 1940.

Rehearing Denied Feb. 8, 1940.

**932**

Atchley & Vance, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

PRICE, Chief Justice.

This is an appeal from the District Court of Bowie County in a workman's compensation case. The claimant, Green B. Hevolow, hereinafter called plaintiff, recovered compensation in a lump sum against Texas Employers Insurance Association, hereinafter called defendant. The amount of the judgment was $3,205.25. The judgment was based on a compensation rate of $9.44 per week and there was a credit thereon for amounts already paid. Defendant duly perfected appeal from such judgment. The trial was before a jury on special issues. The verdict, insofar as pertinent here, was as follows: Plaintiff, by his injury, sustained total incapacity on or about December 7, 1937; such incapacity was permanent; in favor of a lump sum settlement; against partial incapacity. The finding as to average weekly wage was set aside by the court on motion of the defendant, and judgment was entered in that respect in accordance with the motion of defendant. No point is made by either party as to such action of the court.

The proper disposition of this case depends on the correct determination of four points: (1) Was there sufficient evidence to justify the finding by the jury of permanent total disability; (2) was there evidence raising the issue of specific injury to the leg; (3) if there was an issue as to specific injury to the leg only, did the defendant make request for the submission in proper form; (4) did the court commit error, that is, reversible error, in admitting in evidence, over the timely objection of the defendant, testimony as to the temperature of the room or building in which plaintiff worked and its effect upon him.

The first point is sufficiently raised by defendant in various exceptions and objections. To a proper discussion of this matter a synopsis of the evidence is perhaps essential.

The case was submitted on the evidence adduced by the plaintiff. It was shown that plaintiff, on December 6, 1937, in the course of his employment, was carrying a drum weighing from 150 to 200 pounds and fell head first down a stairway consisting of thirteen steps leading, without turn or curve, straight down to the first floor. The drum rolled on his body, and his left leg was broken between the knee and ankle. The trial herein was held on October 12, 1938, and from December 6, 1937, to the date of the trial plaintiff has suffered continuous pain in his knee, ankle, foot and back; his leg hurt him when he walked, and if he sat down after walking his hips hurt him; if he did any considerable walking his foot and ankle swelled; he was unable to stoop over and pick anything up because it hurt his hips and back; in order to relieve the pain in his leg and back frequent hot applications were made; his leg was in a cast for many weeks after the accident. At the time of the accident he was a healthy, robust man, fifty-two years old. He had not done any work up to the date of the trial.

The above facts as to plaintiff's injury and the effects thereof certainly reasonably warrant the inference on the part of the jury that plaintiff's disability was total up to the date of the trial, and that such condition would continue for a time at least thereafter. From the nature of the accident and the pain in the back and hips persisting for more than ten months the

jury might reasonably infer injuries other than to the leg. It does not occur to us that there is any necessary connection between the broken leg and the pain in the back. However, the real question is not what we might have found as to the accident and duration of plaintiff's injuries, but whether the facts were such as reasonably justified the jury in making the finding that same were total and permanent. There are injuries to the back and spine that are inferred from their effect alone. Even with the modern methods of diagnosis there are serious injuries and conditions that defy objective demonstration. The record shows that medical testimony was perhaps readily available to both plaintiff and defendant, and that neither elected to introduce same.

■ Ten months is a long time for pain and disability to persist from a broken leg. Ten months is a long time for acute pain to persist in the back. The accident was one of grave violence. Under the evidence plaintiff limps and walks with a cane. We are unwilling to hold that under the evidence as to the character of the accident, the injuries inflicted, the persistency of their effects, the jury were not reasonably justified in finding total and permanent disability.

■ The jury may find as to these matters unaided by expert medical testimony. Davies v. Texas Employers' Ass'n, Tex. Com.App., 29 S.W.2d 987; Texas Employers' Ins. Ass'n v. Moore, Tex.Civ.App., 279 S.W. 516; Texas Indemnity Ins. Co. v. Preslar, Tex.Civ.App., 298 S.W. 666; Texas Employers' Ins. Ass'n v. Scott, Tex.Civ. App., 46 S.W.2d 348; Texas Employers' Ins. Ass'n v. Burnett, Tex.Civ.App., 52 S. W.2d 771.

The assignments as to the insufficiency of the evidence are overruled.

■ The question of whether or not the issue as to specific injury was raised depends upon the pleading and the evidence. Plaintiff's pleading tendered the issue of general injury resulting from the accident. It was perhaps sufficient to warrant a recovery for a specific injury to the leg. Defendant relies upon its general denial to raise the issue. We think the issue of specific injury was raised by the general denial.

There would seem to be no vital difference in principle between the issue of partial incapacity and specific injury in the matter here in question. Plaintiff pleads the injury to the leg and to other portions of his body, the general denial would certainly support proof that the leg only was injured.

■ In the opinion of the writer the issue of a specific injury was raised. The only objective injury to plaintiff was a broken leg. For the establishment of the effects of this injury and to injuries to other parts of his body plaintiff must rely upon subjective symptoms and the nature of the accident. Testimony as to subjective symptoms must come solely from him. The jury were not bound to take his testimony as true. It seems to the writer that in passing upon this testimony it might have been reasonably found by the jury that the injury and its effects were confined solely to his leg. If the issue had been found in favor of the defendant the period and amount of its liability would have been materially lessened. Loss of the use of a leg, where the effect of the injury is confined thereto, is specific and the compensation therefor is under Section 12 of Article 8306, R.S.1925. Petroleum Casualty Co. v. Seale et al., Tex.Com.App., 13 S.W.2d 364; Maryland Casualty Co. v. Dicken, Tex. Civ.App., 80 S.W.2d 800.

Under Section 12 of Article 8306 the maximum recovery for the total loss of a leg is confined to two hundred weeks.

■ The court did not submit the issue of specific injury in the charge. Hence it was incumbent upon the defendant to properly request same in writing.

In paragraph 12 of the exception of defendant to the court's charge is found the following:

"The defendant objects and excepts to the Court's charge as a whole, because the evidence in this case raising the issue that the plaintiff's injury and its effects are confined solely to the loss of the use of his left leg, and the defendant is entitled to have such issue submitted to the jury, and here and now requests the court to submit to the jury the following special issue, to-wit:

" 'Do you find from a preponderance of the evidence that the plaintiff's injury and its effects are not confined solely to the loss of the use of the left leg?'

"Answer 'yes' or 'no.'

"Respectfully submitted,

"Atchley & Vance,

"Attorneys for defendant."

934

From the above it readily appears that the charge was not requested in the stereotyped manner, in that it appears in the exceptions.

■ Article 2188, R.S., governs here, we think. Now the request, although formulated, is not in such form that the court could endorse thereon "given" or "refused," and sign the same officially. In order that the refusal of the special charge or special issue be considered as a bill of exceptions, the requisites of Article 2188 must be substantially complied with.

■ Beyond any question the exception alone is insufficient to present error as to the court failing to submit the issue. Miller v. Fenner, Beane & Ungerleider, Tex. Civ.App., 89 S.W.2d 506; Harris v. Thornton's Department Store, Tex.Civ.App., 94 S.W.2d 849; Harris v. Leslie, 128 Tex. 81, 96 S.W.2d 276; Texas & N. O. R. Co. v. Crow, 132 Tex. 465, 123 S.W.2d 649.

■ This request was unquestionably submitted to the court in writing. It may be verily said that same was refused, in that the exception of the defendant appears to have been overruled. However, under the terms of Article 2188, in order to constitute same a bill of exceptions with the presumptions attaching thereto as provided by the Article, the provisions of the law must be complied with. Article 2186, R.S., provides: " * * * Such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination." It nowhere appears in the exceptions that the special charge was ever presented to counsel for appellee before the court acted upon same. To be entitled to complain of the refusal of request for a special charge or special issue the bill of exceptions must show that same was submitted to counsel for the opposite party. Walker v. Jean La-Fitte Hotel Corp., Tex.Civ.App., 94 S.W. 2d 504; Cox et ux. v. City of Fort Worth, Tex.Civ.App., 102 S.W.2d 504; Geistmann v. Schkade, Tex.Civ.App., 121 S.W.2d 494.

■ In our opinion, if the procedure prescribed in Article 2188 is adopted and the court marks on the special issue it is "refused," that there is a presumption that the requirements as contained in Article 2186 have been complied with. On the other hand, if he does not see fit to comply with Article 2188, there is no presumption that Article 2186 has been complied with. We are of the opinion that no error is presented by the assignments complaining of the refusal of the court to give the special issue requested in the exception.

■ Over the objection of the defendant evidence was introduced that the temperature of the room in which plaintiff worked was very high, at times from 117 to 118 degrees; that a spray was sometimes used to cool off the atmosphere; that the high temperature caused the plaintiff to perspire very profusely. Defendant's objection was that the testimony was immaterial, irrelevant and highly prejudicial. If this testimony was subject to the very general exception made we are at a loss to see how it either benefited the plaintiff or harmed the defendant. Plaintiff's injuries, so far as the evidence shows, were in no way connected with or caused by the high temperature of the room where he worked. The insurance carrier could in no way be held reasonably responsible for the temperature of the room. In our opinion the testimony neither aided the plaintiff nor operated to the detriment of the defendant. In any event, the objection was too general. Capitol Hotel Co. v. Rittenberry, Tex.Civ.App., 41 S.W.2d 697; and cases therein cited.

We find no error in the case.

Affirmed.