## TEXAS EMPLOYERS' INS. ASS'N v. THAMES.

No. 15370.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 10, 1952.

Rehearing Denied Nov. 7, 1952.

This is the second appeal wherein the trial court, upon answers by the jury to special issues submitted, rendered judgment awarding appellee recovery for total and permanent disability.

Appellant's point one is as follows: "The error of the Trial Court in allowing Plaintiff and his counsel, over the objections of Defendant, to adduce evidence that an individual who took a statement from the Plaintiff was an agent of the Defendant."

We overrule this point. In the first place, a showing of inconsistent statements or conduct of the witness is for impeaching purposes, and is not to be introduced as substantive evidence of the truth of the matter stated. See 45 Tex.Jur., pp. 142–3, sec. 270; Bradley v. Texas & P. Ry. Co., Tex.Com.App., 1 S.W.2d 861, Id., Tex.Civ.App., 298 S.W. 149. The witness when confronted with the former statement inconsistent with his present testimony may testify or explain omissions or that the answers to all of the interrogatories may not have been taken down as was testified to by such witness. If the proper statement is in writing, it must be produced and authenticated.

In this instance, the witness admitted that he signed the statement, hence it was not necessary for appellant to prove its authenticity. While admitting that he signed the statement, appellee undertook to show the circumstances under which the instrument was taken. That part of his statements given to the person taking same had not been written down in the instrument. That the witness was in a low physical condition at the time it was taken and the person taking the statement from him purported to be appellant's agent. If appellee had not admitted his handwriting on the statement offered, then it would have been necessary for appellant to have proved its authenticity.

Nelson, Montgomery, Robertson & Sellers, of Wichita Falls, for appellant.

Donald & Donald, of Bowie, for appellee.

EARL P. HALL, Chief Justice.

Our opinion upon a former appeal in this compensation case is published in Tex. Civ.App., 236 S.W.2d 203, writ refused.

We do not find it was reversible error for appellee to testify as to the surrounding circumstances under which he gave this inconsistent statement and to whom it was made. The statement in question having been offered by appellant, the burden then shifted to it to prove that the

person taking the instrument was not its agent, if in truth and in fact he was not. Ordinarily, one offering an instrument, in his possession, in evidence is presumed to be its owner, unless proved otherwise. There was no question of agency to be determined.

■ Appellant's point two: "The error of the Trial Court in failing to grant a new trial herein because of the argument of counsel for the Appellee which informed the jury of the effect of their answer to Special Issue No. 14 of the Court's charge."

Appellant plead and undertook to prove, among other things, that appellee's disability from the injury was limited at most to his left hand, and any other disability was due to disease not connected with his claim for accidental injury. In arguing the issues submitted as to whether appellee's disability, apart from the disability to his middle finger, was not due solely to disease unconnected with the injury in question, counsel for appellee, after reading the issue to the jury, made the following statement: "They are wanting you to answer—" Appellant objected on the ground that such statement referred to the issue as being appellant's issue instead of a part of the court's charge. The court sustained the objection. Appellee's attorney continued to argue thus: "Gentlemen, in other words, in order to answer this you would have to say there is something else wrong with him that is causing his trouble other than the hand when he tells you he was perfectly all right, when his wife tells you he was perfectly all right, when the man he was working for told you he was all right until he was hurt. Thames told you he hadn't had a thing in the world wrong with him. I would say this, that from the evidence No. 14 should be answered, 'It is not due solely.' If you decide it is due to some other thing other than the injury to the hand, that is too bad."

We believe that the error was cured by the trial court's action in sustaining the objection. No further request was made for the jury not to consider such remarks. Then too, if the members of the jury were not mentally capable of understanding what the effect of their answer to such simple issue would be, they would no doubt be incapable of interpreting what the attorney meant by the following: "If you decide it is due to some other thing other than the injury to the hand, that is too bad." The argument does not state that it would be too bad for appellee.

The point is overruled. Burrow v. Davis, Tex.Civ.App., 226 S.W.2d 199, refused, n. r. e.

Appellant's point three is: "The error of the Trial Court in overruling the Defendant's objections to the argument of counsel for the Plaintiff in which he urged the jurors to apply the Golden Rule to the case and try it as they would like to be tried themselves."

■■ Appellee's attorney made the following additional argument, to which appellant's point three is directed: "Dr. Parnell told you it was the rest of his life, that he was totally disabled, permanently disabled. Of course, you can disregard that. It is your privilege. Nobody in the world can keep you from doing it, but you said in your examination, if I remember correctly, everyone of you were asked the question, 'Would you try this lawsuit just like you would like to be tried yourself?' Of course, that is not a thing in the world but the Golden Rule, 'Do unto others as you would have them do unto you.'" Appellant objected to this argument in open court, which objection was overruled by the court.

Appellant relies principally upon the holding of our Supreme Court in the case of Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482, in support of its contention that the above argument was error. As we understand the rule laid down in the Fambrough case, it is substantially: That if effect of the argument is to place jurors in the same shoes as those of the person for whom the argument is made, such argument becomes reversible error; unless the error was removed by the trial court's sustaining the exception thereto together with proper instructions not to consider same. On the other hand, if the argument merely asked the jurors in substance

to follow the Golden Rule, it is not improper. The term, "would you try this law suit just like you would like to be tried yourself," requires "the jury to look with equal solicitude to the rights of both plaintiff and defendant. * * *" Fambrough v. Wagley, supra. We find the argument falls within the category of the holdings in the following cases, discussed in the Fambrough case, to-wit: Rio Grande, E. P. & S. F. R. Co. v. Dupree, Tex.Com.App., 55 S.W.2d 522; Texas & P. R. Co. v. Short, Tex.Civ.App., 62 S.W.2d 995, writ refused; Ochoa v. Winerich Motor Sales Co., 127 Tex. 542, 94 S.W.2d 416; Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S. W.2d 160. It is also noted the argument itself is a repetition of a question which had been propounded to the jury upon voir dire without objection.

■ Appellant's point four is: "The error of the Trial Court in rendering judgment for the Plaintiff on the jury's answers to Special Issue No. 15 of the Court's charge inquiring as to whether the Plaintiff worked substantially the whole of the year preceding his injury."

Among the issues submitted to establish wage rate was the following: "Do you find from a preponderance of the evidence that plaintiff, W. C. Thames, did work in the employment in which he was working at the time of the injury, if any, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, if any?" To which issue the jury answered, "He did."

In answer to special issue No. 16-A of the court's charge, the jury fixed appellee's average weekly wage during the year preceding the injury at $62.76.

Upon direct examination, appellee was propounded the following question: "Q. Mr. Thames, had you worked in Clay County, or in the neighboring vicinity, in the same kind of work you were engaged in during the year immediately preceding the time you were injured as much as 300 days?" To which he answered: "Yes, sir, I worked more than 300." On cross examination, appellee admitted he could not tell the exact number of days he did work as he did not keep a record of them. It was possible he could have been mistaken about working three hundred days but his best judgment was he had worked over three hundred days.

We find the testimony is sufficient to raise a jury question as to whether appellee worked in the same or similar employment for substantially a year preceding his injury, as provided in section 1, Art. 8309, R. C.S., Vernon's Ann.Civ.St. art. 8309, § 1.

Appellant relies upon this court's holding in the case of Federal Underwriters Exchange v. Bullard, Tex.Civ.App., 128 S.W. 2d 126, for reversal. We do not find the evidence in the Bullard case as substantial as in the instant case. The testimony in the Bullard case shows that the injured party was deceased and his brother did the testifying. The evidence further reveals that the brother did not possess sufficient knowledge as to how many days the decedent worked.

Finding no error, judgment of the trial court is affirmed.