**TRADERS & GEN. INS. CO. v. DURRETTE.**

No. 6298.

Court of Civil Appeals of Texas. Amarillo.

April 27, 1953.

Rehearing Denied May 25, 1953.

Crenshaw, Dupree & Milam, Lubbock (J. Orville Smith, Lubbock, of counsel), for appellant.

Bob Huff, Lubbock, and R. H. Munsterman, Levelland, for appellee.

MARTIN, Justice.

Appellant, Traders and General Insurance Co., appealed from a judgment for total and permanent disability in a workmen's compensation case, rendered against it in favor of appellee, J. W. Durrette, in the sum of $8030.55 with interest thereon at the rate of 6% per annum from the date of judgment.

Appellant's first point of error is that the findings of the jury that the plaintiff suffered total and permanent incapacity as a result of his injuries are not supported by the evidence. Point two asserts that the court erred in awarding the plaintiff interest on the judgment at the rate of 6% per annum from the date of the judgment.

Under appellant's point one the evidence will be examined in the light of the following rule:

"If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be concluded that there is evidence to support the verdict." 17 Texas Jurisprudence, Sec. 410, page 910. Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508, syl. 4.

It is appellant's theory under its point one that since there was evidence of an arthritic condition, intention tremor, and a very rapid heart condition that the evidence did not support the jury finding that appellee's total and permanent incapacity resulted solely from the ruptured disc in his spine. Appellant placed on the witness stand Dr. R. Q. Lewis and the gist of his testimony is that there was nothing wrong with appellee and that he was clearly exaggerating and was in fact able to return to work. However, Dr. Lewis did testify that appellee's disability was absolutely not a result of arthritis and that he did not pay any attention to the "intention tremor" as it was not a complaint in the case. The testimony of Dr. D. D. Cross, witness for the appellee, reveals that appellee's arthritic condition was less aggravated than in the average person of his age. The final summation of Dr. Cross, taking the favorable testimony is that appellee suffered total and permanent disability due to a ruptured disc in his back caused by heavy lifting while in the employment of the appellant. The record is replete with lay testimony that appellee was in good physical condition and had suffered no ill health prior to the accidental injury incurred while in the employment of appellant. The evidence in the cause supports the jury verdict and appellant's point one is overruled. Texas Employers Ins. Ass'n v. Hevolow, Tex.Civ.App., 136 S.W.2d 931, syls. 1, 2, 3; Federal Underwriters Exchange v. Green, Tex.Civ.App., 150 S.W. 2d 98, syls. 1, 2; Texas Employers' Ins. Ass'n v. Locke, Tex.Civ.App., 224 S.W.2d 755, syls. 15, 16, 17.

Art. 8306a, Vernon's Annotated Texas Civil Statutes, as to judgments rendered in workmen's compensation cases, provides "Any judgment rendered pursuant to any of the provisions of this Act, shall bear interest from the date it is rendered until paid at the rate of four per cent (4%), compounded annually." Appellee procured the entry of a judgment in this cause bearing interest at the rate of 6% per annum. This issue as to excessive interest, raised by appellant's point two, is obvious from an examination of the record and constitutes fundamental error. Therefore, appellant's point two is sustained and the judgment of the trial court is here reformed to bear interest at the rate of 4% per annum as provided by the above cited statute.

In the light of the rulings hereinabove made, appellee's cross-point number three seeking a 10% penalty against appellant under the provisions of rule 438 of the Texas Rules of Civil Procedure in regard to frivolous appeals is overruled.

The judgment of the trial court is reformed to bear interest from the date it is rendered until paid at the rate of 4%, compounded annually, and is affirmed.