AETNA CASUALTY & SURETY CO.

v.

DICKINSON.

No. 6361.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 11, 1954.

428

Simpson, Clayton & Fullingim, Amarillo, for appellant.Simpson, Clayton & Fullingim, Amarillo, for appellant.

Merchant & Fitzjarrald, Amarillo, for appellee.

MARTIN, Justice.

·Appellee, Jack M. Dickinson, as plaintiff in the trial court recovered judgment for total permanent incapacity against appellant, the Aetna Casualty and Surety Company, defendant in the trial court, as insurer for Silas Mason Company. From such judgment appellant perfected an appeal. Its first point of error is that the evidence is insufficient to support the jury finding of total incapacity. Its second point of error is that the evidence is insufficient to support the jury finding that such total incapacity suffered by appellee was permanent.

 Such points require an examination of the evidence under the following rules. "If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be concluded that there is evidence to support the verdict." 17 Tex.Jur., Sec. 410, page 910; Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508, Syl. 4. "Since the workman coming under the terms of the Act is denied his common law rights it is held that the Act should be liberally construed in his favor." Hargrove v. Trinity Universal Ins. Co., Tex.Sup., 256 S.W.2d 73, Syl. 3, 4.

Under the point of error as to insufficiency of the evidence as to total incapacity to labor, the record discloses that appellee testified that he was in such pain following the accident that he could not concentrate and that he had difficulty in sitting in a chair. His duties at the time of the accident were office duties. He further testified that he had a permanent limp, that it was very painful to drive a car and that when he got out of a car it took him three or four minutes before he could straighten up. Appellee testified that he did attempt to sell fencing material following the accident but that he was not able to get out and do the walking and the measuring and so forth because he could not be on his feet long at a time. Part of his duties in selling fence was attending to delivery of the same. He testified that he was not able to lift the fencing and that he didn't do any manual work. His testimony further showed that he could bend over very little and that he could not pick up things off the ground. He testified he was in constant pain and at night seldom ever got over two or three hours sleep and then only after taking several aspirins. His testimony was that since the 23rd day of June, 1952, there had not been a day that he did not have the pain.

Appellee's wife corroborated appellee's testimony in the particulars above shown and she further testified that appellee was not able to further carry on a business that they had operated where children rode ponies. Mrs. Dickinson testified that she rubbed her husband's back often and that he was not able to do physical labor and that one time he was unable to climb the steps until he had sat on the porch several minutes. She further testified that due to her husband's condition she had to hire boys to help her walk the ponies around at the pony rides. Her testimony reveals that appellee complained about continual pain in his lower back and was unable to perform the yard work and other home labors.

Paul W. Barnett testified that it took quite a bit of activity and footwork in operating the sales business of selling fence. He testified that although he helped load the fencing at times that Dickinson walked with a limp and did not help in loading the fence on the trucks and had not been performing types of manual labor that he had done prior to his accident.

Under the applicable rules the above testimony, and other testimony detailing appellee's condition, is sufficient to support the jury finding of total incapacity and appellant's Point 1 is overruled. Texas Employers Ins. Ass'n v. Hevolow, Tex.Civ.App., 136 S.W.2d 931; Employers Reinsurance Corporation v. Jones, Tex.Civ.App., 195 S.W.2d 810; Highway Ins. Underwriters v. Matthews, Second Case, Tex.Civ.App., 246 S.W.2d 214; Texas Employers' Ins. Ass'n v. Locke, Tex.Civ.App., 224 S.W.2d 755; Traders and General Ins. Co. v. Rischer, Tex.Civ.App., 210 S.W.2d 652.

On the issue of sufficiency of the evidence as to appellee's total incapacity being permanent, the evidence above quoted is pertinent in that all the witnesses' testimony was to the effect that appellee's condition had not improved any since his injury. Dr. W. H. Whier, a physician of several years experience in the practice of medicine, testified that appellee's "complaints are compatible, what we call a compression of the intervertebral disc". His testimony also corroborated the lay testimony as above detailed as to total incapacity. Dr. Whier further testified that he had been attempting to manipulate appellee's back to see if the necessity for surgery on his back could not be eliminated. On cross-examination as to the issue of permanency of the injury this physician testified that the disc was compressed and that less than 75 per cent of the cases operated on get permanent relief. He further testified that there is the operative risk, and a man appellee's size was not a good candidate. This doctor testified that the type of operation required to adjust the disc injury was "very definitely major surgery". It is recognized that the evidence is more detailed as to issue of total incapacity than it is as to the incapacity being permanent. But, the jury was entitled to weigh the issues and Dr. Whier testified, "I don't think we can give him any improvement."

In examining the evidence on the two issues as to insufficiency of the evidence to support the jury verdict, it should be brought to attention that in making such examination "the real question is not what we might have found as to the accident and duration of plaintiff's injuries, but whether the facts were such as reasonably justified the jury in making the finding that same were total and permanent." Texas Employers Ins. Ass'n v. Hevolow, supra, Syl. 1. Further, as to the issue of total incapacity the record must be examined in the light of Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, 1001. " 'The term "total incapacity" (or total disability), as used in this charge, does not imply any absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman, in such a way as to enable him to procure and retain employment, is regarded as being totally incapacitated, or totally disabled.' " Under the rules hereinabove set forth and authorities cited, the evidence is held to be sufficient to sustain the jury verdict.

Appellant's two points of error are overruled and the judgment of the trial court is affirmed.