**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**Roy D. MOORE, Appellee.**

No. 6532.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 24, 1955.

Rehearing Denied Nov. 21, 1955.

Turpin, Kerr & Smith, Midland (Raymond A. Lynch, Midland, of counsel), and J. Kirby Smith, Dallas, for appellant.

Bob Huff, Lubbock, for appellee.

PITTS, Chief Justice.

This is a workman's compensation case in which appellee, Roy D. Moore, sued appellant, Texas Employers' Insurance Association, for compensation by reason of injuries sustained by him on February 14, 1954, while employed by Cactus Drilling Corporation. Upon jury findings favorable to appellee, judgment was accordingly rendered against appellant for maximum compensation by reason of appellee's total and permanent incapacity as a result of his injuries, payable to appellee in a lump sum, less maximum weekly compensation voluntarily payed to appellee by appellant for ten consecutive weeks from the date he received his injuries.

Appellant perfected its appeal predicated upon two points of error. In its first point appellant has challenged the wage rate issues submitted to the jury under the provisions of Subsection 1 of Section 1 of Article 8309, Vernon's Ann.Civ.St., and charges there was no evidence of probative force to support the jury finding to the effect that appellee had worked in the same employment for substantially the whole year immediately preceding his injuries.

In reviewing the evidence to determine the question presented, we must be governed by the following well established rule:

" 'If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be concluded that there is evidence to support the verdict.' 17 Tex.Jur., Sec. 410, page 910; Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508, Syl. 4." Aetna Casualty & Surety Co. v. Dickinson, Tex.Civ.App., 266 S.W.2d 427, 428, and Traders & General Insurance Co. v. Durrette, Tex. Civ.App., 258 S.W.2d 346.

"Since the workman coming under the terms of the (Workmen's Compensation) Act is denied his common law rights it is held that the Act should be liberally construed in his favor." Hargrove v. Trinity Universal Ins. Co., 152 Tex. 243, 256 S.W.2d 73, 75, and other authorities there cited.

Appellant asserts that the trial court correctly defined the term "substantially the whole of the year" as meaning approximately 300 days. Appellant also concedes that appellee was injured while he was working as a "roughneck" or "derrick man" in the oil field. The only testimony bearing upon the issues challenged is that given by appellee himself. A summation of his testimony under the applied rules of law reveals that he was 41 years of age and had worked consistently in the oil fields for 12 or 13 years prior to his injuries with very little loss of time; that he had never been previously injured but, as a result of his injuries here received, much medical advice concerning same and his own reactions thereto, he believed that his laboring days were over; that he worked for Cactus Drilling Corporation from February 12, 1953, to May 25, 1953, then skipped about six months, during which time he worked for other drilling companies hereinafter named, but went back to work for Cactus Drilling Corporation on November 28, 1953, and continued working for the said corporation until he was injured on February 14, 1954; that during the year immediately previous to his injuries he had worked a total of 355 days, of which he had worked 344 days in the same kind of employment. Without objections from appellant, appellee further testified that he had his 1953 income tax return withholding statements, which were referred to as "wage slips," showing for whom he had worked and how much they each paid him during 1953; that he worked for Cactus Drilling Corporation which paid him $1,778.08, Great Western Drilling Company which paid him $341.56, Hall-Stewart Drilling Company which paid him $373.80, Laughlin-Porter Drilling Com-

pany which paid him $2,947.92, Gardner Brothers Drilling Company which paid him $38.88, making a total of $5,480.24 paid to him for his labor in 1953; that for January and up until February 14, 1954, he worked for Cactus Drilling Corporation which paid him a total of $812.49; that from February 14, 1953, to February 14, 1954, he "rough-necked," for which he was paid $1.84 per hour for the first 40 hours in the week, after which he was paid for time and a half; that during the year preceding his injuries he worked as a driller 10 days for Laughlin-Porter Drilling Company and as a driller one day for the Cactus Drilling Corporation, making a total of 11 days only that he worked during the said year as a driller, for which he drew $2.36 per hour; that his usual weekly wages amounted to $115 to $125.

The record reveals that appellee was probably more skilled as a workman than he was as a witness. It appears that he became confused on cross-examination and testified that he had been working as a "roughneck" for about nine months and before that time he had worked as a driller three or four months for R & R Drilling Company at Big Spring; that he had worked as a driller "off and on" for the last three years. He further testified that he had drilled 30 or 40 days for Hall-Stewart two years prior thereto. He later confessed that, due to a faulty memory, he was in error in his testimony about having worked three or four months or 60 to 90 days as a driller during the year immediately prior to his injuries and that he actually had "roughnecked" during the year immediately prior to his injuries, except for 11 days that he had worked as a driller as previously stated, leaving 344 days that he had worked as a "roughneck" during the year immediately prior to receiving his injuries, which testimony supports the jury finding to the effect that appellee had worked at the same kind of employment substantially the whole of the year immediately preceding his injuries. There is also ample evidence of probative force to support the jury finding that appellee's weekly wage rate was $105. The record also reveals that appellee did not work for R & R Drilling Company at Big Spring at any time during the year immediately before receiving his injuries.

It is within the province of the jury to reconcile any discrepancies or confusion of a witness and to arrive at what the jury believes to be the correct related facts given by his testimony. Upon applying the foregoing rules of law to the testimony given by appellee concerning his earnings and the kind of employment he was engaged in during the year immediately preceding his injuries received on February 14, 1954, we believe there is sufficient evidence of probative force to support the submission of the issues challenged by appellant and the jury's answers thereto. Texas Employers' Ins. Ass'n v. Thames, Tex.Civ.App., 252 S.W.2d 228, Syl. 10; Texas Employers' Ins. Ass'n v. Spivey, Tex.Civ.App., 231 S.W.2d 760, Syl. 2. Appellant's complaints to the contrary are therefore overruled.

In its second point appellant charges error was committed by the trial court in admitting in evidence appellee's 1953 income tax withholding statements and in permitting appellee to use them in refreshing his memory in connection with his testimony concerning the kind of work he did during the year immediately prior to receiving his injuries. The withholding statements are shown in the statement of facts as Plaintiff's Exhibit Nos. 2, 3, 4, 5 and 6, but there is no showing they were ever admitted as evidence.

The record reveals that appellee's 1953 income tax return had been introduced in evidence without objections. The returns showed a breakdown of the information reflected by the withholding statement forms W-2 or "wage slips" about which appellant complains. As previously herein shown appellee had his "wage slips" and had previously testified without objections from appellant concerning the various employers for whom he had worked during the year immediately previous to the date of his injuries and the amount each employer had paid him. The same information there given by appellee's testimony is

likewise shown on the withholding statements or "wage slips" but the record shows it was appellee's own testimony given concerning these matters. The material contents of the withholding statements had therefore already been testified to by appellee and such testimony was already before the court and jury without objections of appellant and the 1953 income tax return showing a breakdown of the identical information reflected by the withholding statements was already before the court and jury before appellee offered the withholding statements in evidence. The record reveals that appellee offered the withholding or wage statements in evidence (S.F. 59) but the introduction of them as evidence was objected to by appellant and the trial court sustained appellant's objections. Again (S.F. 63) without any showing that the same had been offered in evidence again, appellant objected to the introduction of the withholding statements and gave his reasons therefor without any showing being made that the trial court passed on appellant's objections there made. However, immediately thereafter (S.F. 63) appellee offered in evidence a recap of the 1953 withholding statements (Plaintiff's Exhibit No. 7) showing the amount appellee earned during the year 1953, to which appellant objected and the trial court said: "I will pass on it later." We find nothing in the record showing whether or not the trial court passed on the matter later and nothing to show that the withholding or wage statements or the recap therefrom were at any time admitted in evidence before the court and jury. No such evidence has been pointed out to us in the record by anyone. However, as previously stated, the material contents therein shown had been previously testified to on direct examination by appellee without objections of appellant. In any event it is a well known rule that to admit testimony of a fact which has been previously established by other evidence does not constitute reversible error, nor is it reversible error to admit testimony which is merely cumulative. Johnson v. Ashby, Tex.Civ.App., 18 S.W.2d 726; Texas Employers' Ins. Ass'n v. Trotter, Tex.Civ.App., 54 S.W.2d 1023.

 For the reasons stated it is our opinion that appellant has failed in any event to show reversible error by the trial court by reasons of its charges made in Point No. 2 and the same is overruled.

Appellee presents a cross-assignment of error seeking a 10 per cent penalty against appellant for an alleged prosecution of an appeal without just cause and for delay only, as such may be authorized by Rule 438, Texas Rules of Civil Procedure. A careful examination of the entire record and the rules of law governing the same convinces us that appellee has not satisfactorily established his claims. The points presented by appellant do not seem to be so trivial and devoid of merit as to warrant a conclusion that the appeal was perfected without any just cause or for delay only. Appellee's cross-point is therefore overruled. Texas Employers' Ins. Ass'n v. Layton, Tex.Civ.App., 278 S.W.2d 453; Traders & General Ins. Co. v. Batson, Tex. Civ.App., 253 S.W.2d 488.

For the reasons stated the judgment of the trial court is affirmed.