**Reece KESLER et al., Appellants,**

v.

**John L. MERRITT, Appellee.**

**No. 7252.**

Court of Civil Appeals of Texas.

Amarillo.

April 22, 1963.

Rehearing Denied May 20, 1963.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellants.

Cade & Bowlin, Lubbock, for appellee.

NORTHCUTT, Justice.

Reece Kesler and J. O. Kesler and wife, Lizzie Kesler, as plaintiffs, brought suit against John L. Merritt, as defendant, seeking recovery of damages which plaintiffs alleged resulted to plaintiffs' growing crops of cotton, beans, and peas caused by the spraying by the defendant of a certain herbicide referred to as "Weedone 638." Plaintiffs J. O. Kesler and wife, Lizzie Kesler, own the south half of Section 7, Block M–10 in Castro County, Texas. Plaintiff Reece Kesler was the tenant of plaintiffs J. O. Kesler and wife, Lizzie Kesler, with respect to said south half of Section 7. Defendant Merritt was the operator of and was farming Section 8, Block M–10a in Castro County, Texas, which Section 8 adjoins on the east the south half of Section 7. During 1960 plaintiffs had growing on the south half of Section 7 approximately 130 acres of cotton, 15 acres of beans, and 2 acres of peas. The defendant, through his employee, on or about July 21, 1960, sprayed some weeds upon his land with a herbicide known as "Weedone 638." The plaintiffs contended their crops were damaged by the use of the herbicide by the defendant. Plaintiffs alleged the defendant was guilty of negligence in the use of said herbicide in spraying when the wind carried it onto the land and crops of the plaintiffs; that the herbicide was of such nature as was extremely dangerous and injurious to the plaintiffs' crops and of such nature that it would be carried by wind and atmosphere and would drift with the wind; that the herbicide was of a very

volatile nature such that it was easily carried by wind or atmosphere and through evaporation or other processes and would contaminate the atmosphere if left open and exposed to the atmosphere; that defendant used amounts of the herbicide in excess of the amount necessary to accomplish his purpose; that defendant failed to confine the herbicide to his own premises and left in close proximity of plaintiffs' crops a container containing herbicide open and allowed to escape and carried by wind and atmosphere onto plaintiffs' growing crops.

The defendant answered denying all of the alleged acts of negligence pleaded by the plaintiffs, especially alleged at the time the herbicide was sprayed by defendant there was a strong wind blowing from the south and west which would have blown any of such herbicide away from plaintiffs' farm instead of upon it and pleaded that said herbicide was not volatile or gaseous and that it was never evaporated into the air or became reactivated.

The case was submitted to a jury upon special issues. In answer to the special issues the jury found that defendant failed to so use the herbicide as to prevent its reaching the plaintiffs' growing crops but that such failure was not negligence; that defendant used herbicide in the close proximity to plaintiffs' growing crops but that same was not negligence; that defendant did not use equipment which released into the atmosphere amounts of herbicide in excess of the amount necessary to accomplish his purpose; that defendant did not use herbicide at a time and place such that the wind and atmosphere would and did carry such herbicide onto plaintiffs' growing crops; that defendant did not leave a container with herbicide open on defendant's premises so that same was carried to the plaintiffs' growing crops and the remaining answers were concerning damages. Judgment was rendered upon the verdict of the jury that plaintiffs recover nothing. From that judgment plaintiffs perfect this appeal.

Hereafter the plaintiffs will be referred to as appellants and the defendant as appellee. The appellants present this appeal upon 45 assignments of error. The first 10 points of error complain of the failure of the trial court to submit to the jury their special requested issues asking the jury whether appellee used an amount of herbicide in excess of the amount necessary to accomplish his purpose and whether appellee failed to mix the herbicide used so that the same would not get on appellants' growing crops; then followed those issues as to whether there was negligence and proximate cause. The trial court submitted an issue asking whether the defendant used equipment which released into the air amounts of herbicide in excess of that amount necessary to accomplish his purpose and the jury answered "No". We are of the opinion the court submitted the ultimate issue involved. Naturally, if the herbicide was not sprayed upon appellants' crops, it would have gotten there only by drifting through the atmosphere onto the crops. Rule 279 of Texas Rules of Civil Procedure provides in part as follows:

> "Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

The trial court submitted the issue asking if appellee failed to use the herbicide as to prevent its reaching appellants' growing crops. We think the trial court presented the controlling issues covering the issues requested by appellants and here assigned as error under appellants' first 10 points of error. Where the court fairly submits the controlling issues raised by the pleadings and evidence requested special issues relating only to various shades of the issues submitted are not necessary to be submitted. Smith & Conklin Bros. v. Griffith, 153 Tex. 341, 268 S.W.2d 124

■ Appellants' points of error 11–15 complain of the court's refusal to give appellants' requested special issue asking whether appellee used and released herbicide at such time and place and in such manner and under such circumstances that same invaded appellants' premises and the crops and failure to submit negligence and proximate cause in connection with such issues. The court submitted an issue inquiring if defendant used herbicide at a time and place such that the wind and atmosphere would and did carry such herbicide onto appellants' growing crops. To that issue the jury said "No". We think the trial court submitted the controlling issue on this phase of the case and was not required to submit other and various phases or different shades of the same issue. Rule 279 T.R.C.P.; Prudential Insurance Company of America v. Tate, 347 S.W.2d 556; Smith & Conklin Bros. v. Griffith, 153 Tex. 341, 268 S.W.2d 124; Texas & N.O.R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264.

As we see all of appellants' points of error 16–30, both inclusive, it is contended the court erred in not giving appellants' requested special issues involving whether appellee confined the herbicide to his own premises; whether such failure was negligence and proximate cause; and whether appellee permitted the herbicide to reach appellants' crops. We think all of these points deal with the same principle as discussed in the preceding paragraph in that the court did not err in refusing to submit the various phases or different shades of the same issue. The court submitted Special Issue No. I as follows:

"Do you find from a preponderance of the evidence that the defendant, in person or through his employee, failed to use the herbicide used as to prevent its reaching plaintiffs' growing crops?"

The jury said "Yes" but that it was not negligence. We think the court submitted the controlling issue as to the facts sought to be answered. See the above cited cases.

■ The jury answered Special Issue No. I that appellee failed to use the herbicide as to prevent its reaching appellants' growing crops and in answer to Special Issue No. I–a that such failure was not negligence. By points 31, 32, and 33 appellants contend there was no evidence to support the jury's answer to Special Issue No. I–a; that such answer was contrary to the conclusive evidence and was contrary to the overwhelming weight and preponderance of the evidence. The evidence shows the spraying took place on about July 21 when the wind was from the west blowing from appellants' land toward appellee's land and in a drift would go away from appellants' land. Appellant J. O. Kesler testified he and others were in the cotton on August 9 and the cotton looked good and the night of the 9th they had an inch of rain and the wind was from the east and it was on the 11th of August when they first noticed the injury to the cotton. The undisputed evidence is that the acid here used itself was not volatile. Under this record at the time of the spraying the wind was in the direction to drift the vapor or spray away from appellants' crops and the acid being non-volatile, it would be necessary that a vapor must arise into the atmosphere at a later time, probably when it rained. We think the jury would be justified in holding in answer to Special Issue No. I–a that appellee could not foresee all these conditions and was not negligent. We think the correct rule here involved has been many times upheld as is shown in Texas Employers' Insurance Association v. Moore, Tex.Civ.App., 284 S.W.2d 175, where it is stated:

"In reviewing the evidence to determine the question presented, we must be governed by the following well established rule:

"'"If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then

it is to be concluded that there is evidence to support the verdict." 17 Tex. Jur., Sec. 410, page 910; Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508, Syl. 4.' Aetna Casualty & Surety Co. v. Dickinson, Tex.Civ.App., 266 S.W.2d 427, 428, and Traders & General Insurance Co. v. Durrette, Tex.Civ.App., 258 S.W.2d 346."

All of appellants' remaining points of error present the same contention as to no evidence; contrary to the conclusive evidence and contrary to the overwhelming weight and preponderance of the evidence as was presented under points 31, 32, and 33 only that the remaining points referred to Special Issues Nos. 4, 3, 2–a, and 5. Issue 2–a asked if appellee's use of herbicide in the close proximity to appellants' growing crops was negligence. The jury answered "No". Issue 3 inquired whether defendant used equipment which released into the atmosphere amounts of herbicide in excess of that amount necessary to accomplish his purpose. The jury answered "No". Issue 4 asked if appellee used herbicide at a time and place such that the wind and atmosphere would and did carry such herbicide onto plaintiffs' growing crops. The jury answered "No". Issue 5 inquired if appellee left a container with herbicide upon appellee's premises so that the same was carried onto appellants' growing crops. The jury answered "No". All the issues were begun by a preponderance of the evidence. Texas Employers' Insurance Association v. Moore, Tex.Civ.App., 284 S.W.2d 175, above cited.

The undisputed evidence is that "Weedone 638" the substance here in question is not volatile and before it could get on appellants' crops there would have to be spray blowing onto the crops. The wind at the time of spraying was blowing in a direction to blow it away from appellants' crops. The chemist, Bishop, testified that in his opinion the "Weedone 638" that was sprayed on the weeds by appellee could not

have been reactivated so that it would rise from the ground and vaporize and drift over onto the cotton crop. We believe the trial court submitted the controlling issues here involved and that there was sufficient evidence to sustain the findings of the jury on all issues submitted and overrule all of appellants' points of error.

Judgment of the trial court is affirmed.