The TRAVELERS INSURANCE COM-
PANY, Appellant,

v.

Dempsey WHITE, Appellee.

No. 4136.

Court of Civil Appeals of Texas.

Eastland.

March 10, 1967.

Rehearing Denied May 26, 1967.

Turpin, Smith, Dyer, Hardie & Harman, Max N. Osborn, Midland, for appellant.

Warren Burnett and Robert D. Pue, Odessa, for appellee.

WALTER, Justice.

Dempsey White recovered judgment against The Travelers Insurance Company for total and permanent disability under the Workmen's Compensation Law. Travelers has appealed.

Appellant says the only testimony in this case which would even suggest that appellee's incapacity was total and permanent came from the appellee himself. Appellee's testimony made an issue on total and permanent incapacity. Texas Employers Ins. Ass'n v. Hevolow, 136 S.W.2d 931 (Tex.Civ.App.1940, dism. Judgm. Cor.); American General Insurance Company v. Florez, 327 S.W.2d 643 (Tex.Civ.App.1959, no writ history).

The court's definition of partial incapacity was proper under Texas Employers Ins. Ass'n v. Fowler, 140 S.W.2d 545 (Tex.Civ. App.1940, writ ref.).

Appellant objected to appellee's argument to the effect that a verdict in appellee's favor would entitle him to future medical benefits because it was outside the record and advised the jury of the law which was not included in the charge. We hold that the argument was improper, but do not believe that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; Aultman et al. v. Dallas Railway & Terminal Company, 152 Tex. 509, 260 S.W.2d 596 (1953).

Appellant's contention that there was no evidence to support the findings that appellee sustained total and permanent incapacity cannot be sustained. In passing on a no evidence point to determine if there is any evidence to support a finding of the jury or an implied finding of fact, we must consider only the evidence most favorable to the finding and disregard that which is opposed to it. Renfro Drug Co. et al. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950).

We have considered the entire record and hold that the findings of total and permanent incapacity are not contrary to the great weight of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.